Peeples *vs.* Walker.

No. 57.—W. J. PEEPLES *et al.* plaintiffs in error, *vs.* D. H. WALKER, defendant in error.

[1.] A Solicitor General in office is entitled to be paid his fees out of a fund which he brings into Court, to the exclusion of bills for costs, allowed in favor of a former Solicitor, since the date of the Act of 1849.

[2.] The Act of 1849 held not to be retroactive.

[3.] Accounts for fees allowed in favor of a former Solicitor before the Act of 1849, are to be paid, to the exclusion of the fees of the incumbent, out of a fund which he (the incumbent) brings into Court.

[4.] The law does not declare that the accounts of the Solicitor General shall be allowed at the term when the costs in each case comes to be due, but *held*, that that is the proper time for allowing them.

[5.] The Solicitor General is entitled to the fees given in the fee bill, whether the bills are tried or *nol-prossed*, and whether disposed of during his continuance in office or not.

[6.] An order allowing a Solicitor General's accounts, is a charge upon the fund out of which they are to be paid, and will not be opened, upon a motion to distribute a fund in Court.

Motion, in Habersham Superior Court.    Decision by Judge JAMES JACKSON.    October Term, 1852.

The questions in this case arose upon a rule to distribute money raised by a fine imposed by the Court.    The rule was moved by D. H. Walker, the former Solicitor General, against W. J. Peeples, the present Solicitor, and the Clerk of the Court.

The points made were,

1. That the present incumbents are entitled to be preferred to the claims of the former Solicitor.

2. That the former Solicitor was not entitled to costs on bills voluntarily *nol-prossed.*

3. That the accounts of D. H. Walker were not examined, audited and allowed at each term of the Court, and before the adjournment thereof.

4. That the former Solicitor was not entitled to costs upon bills of indictment which were undisposed of, when he went out of office.

5. That the accounts of the former Solicitor, audited and allowed, since the Act of 1849, should be postpond to those of the present incumbent.

6. That the former Solicitor should account for all money received by him which had been improperly applied, before he should receive any more.

The Court sustained the grounds taken in the 2d and 5th points stated above, but sustained the rule upon the ground that the Court having already allowed the claims of the former Solicitor, and the judgment standing unreversed, the Court was not disposed to disturb that judgment now.

By consent, all the questions made, were brought up in one writ of error, to be decided by this Court.

C. PEEPLES, for W. J. Peeples.

UNDERWOOD & W. H. HULL, for D. H. Walker.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] So far as concerns the accounts of the former Solicitor, Mr. Walker, audited and allowed since the Act of 1849, the Court was clearly right in disallowing them; for, by the Act of 1849, the incumbent who brings the fund into Court, is preferred expressly to his predecessor. His insolvent list for costs, that Act expressly declares, shall be *first paid* out of that fund, and *then* the orders of prior Solicitors, according to their priority. *Cobb's New Dig.* 363.

[2.] We cannot give to this Act a retroactive force. The Legislature clearly did not intend it to apply to claims for costs allowed to retiring Solicitors before its passage. In its terms, it is prospective, and there is no ground for raising the question of retroaction. If it had been made in its terms retroactive, its constitutionality *pro tanto* could not be *sustained.*

[3.] The Legislature could not divest the rights of the former Solicitor, and the incumbent takes the office subject to those rights. The law therefore as to those accounts of Mr.

Walker, allowed before the passage of the Act of '49, remains as it was, and that is, that they must be paid, to the exclusion of the incumbent. It was fully considered by this Court, in *Hackett vs. Jones*, (2 *Kelly*, 282,) and the reasoning in that case need not now be repeated.

[4.] The time for auditing the accounts which seems to us to be most proper, is the term of the Court when the cost in each case accrues to the Solicitor. The law does not, however, require them to be allowed at that term. No time is specified, and we cannot, therefore, say that they are not to be paid, unless allowed by the Court at that term. *Cobb's New Dig.* 833, 834, 863.

[5.] We hold that the Solicitor General is entitled to the fees which the fee-bill allows him, whether the cases are tried or voluntarily *nol-prossed,* and whether disposed of during the time that he is in office or not. As to the claim set up against the former Solicitor, that he shall account for fees illegally recieved, before he can have those that he is entitled to, we say that it is not apparent to us, that he has received fees illegally. It does not appear from this record, that he has received fees without an order allowing them.

[6.] Such order is a charge upon the fund, and we are not at liberty to open it, upon a motion to distribute the fund now in hand. 2 *Kelly*, 282.

Upon this agreed case, we affirm all the rulings of the Court, except that which denies to the former Solicitor his fees upon bills voluntarily *nol-prossed.* *That* is reversed.