Story vs. Kimbrough.

33   21
130  498

JAMES STORY, plaintiff in error, vs. THOMAS KIMBROUGH, defendant in error.

On the 12th day of February, K. borrowed of S. $6,000, agreeing to pay him therefor usurious interest at the rate of 12½ per centum per annum, and gave his notes to S. for principal and usurious interest, due 25th December, 1856. As the law then stood the whole of the interest, legal and usurious, was void. On the 3d March, 1856, a new statute was passed, by which the principal and legal interest on contracts made after that date was recoverable, and only the usurious interest was void· After this Act, and after the notes became due, S. foreclosed his mortgage that K. had given to secure the payment of the money, and was about to force a collection, when, and on the 27th day of February, 1857, S. agreed, with K., to wait with him for the payment of the money another year, and K. agreed to pay him at the rate of 12½ per cent. from this day of payment, and gave to S. his note for the amount of interest thus agreed on—the old debt remaining as first executed. When the time thus agreed on had elapsed, K., attempting to force a collection, S. paid up what he admitted to be due and filed his affidavit under Section 399 of Judiciary Act—that there was no more due. *Held:*

1. That legal interest was recoverable on the principal from the date of the last agreement.

2. That in a proceeding of this kind the defendant can avail himself of all the defences that he could make in any other form of proceeding.

Motion from Harris county. Tried before Judge WOR-RILL, at the April Term, 1861.

For the facts see the opinion of the Court.

JOHNSON, SLOAN & JOHNSON, for plaintiff in error.

MOBLEY, for defendant in error.

*By the Court*—LYON, J., delivering the opinion.

Thomas Kimbrough, on the 12th of February, 1856, borrowed of James Story, $6,000, at the rate of 12½ per cent., gave his note for the $6,000, due 25th December, 1856, with interest from date; and at the same time gave his note to plaintiff for $386, due at same date, being for excessive interest on large note. Kimbrough, at same time, executed to plaintiff a mortgage on personal property to secure the $6,000 note. After the maturity of the note, plaintiff, Story, foreclosed the mortgage, from which foreclosure execution issued. Afterwards, and on the 27th of February, 1857, Story and Kimbrough agreed that Kimbrough might keep the $6,000 another year, at the same rate of interest, and a new note for the sum of $375, for excessive interest, was executed by Kimbrough to Story; the old note of $6,000 was not changed or renewed. Kimbrough paid the two notes for excessive interest; he also paid, with the amount of these two notes, enough to amount to the sum of $6,000—the amount originally borrowed, except the sum of $12 50, but no interest. The defendant, Kimbrough, on the plaintiff attempting to force a collection of what he deemed to be due on the execution, filed his affidavit, under 359th section of Judiciary Act of 1799, Cobb's Digest 571, denying that there was so much due on the debt as was claimed by the plaintiff, Story. And on the trial of the issue thus formed, the presiding Judge charged the jury on the above state of facts, that the plaintiff could only recover the $12 50, and that the Act of 1856 did not apply to the case.

This charge was made, meeting the defence relied upon, that is, that as the plaintiff had taken, or lent the money upon more than seven per cent. interest, the contract was usurious, and the whole of the interest, both legal and usur-

ious, was void, under the Act of 17th December, 1845, Cobb, 393, and that the payments made on the interest account should be deducted from, or considered payment on, the principal sum lent.

But for the Act of 1856, referred to in the charge of the Court (Pamphlet, page 259), the charge would have been correct. By the Act of 1856, only the usurious interest on contracts made after the date of that Act, 3d March, 1856, is void; under it the principal and legal interest on contracts made after that date may be recovered. This Act did not apply to the original contract, because it was made prior to the passage of the Act, and the interest up to the making of the new contract, on 29th February, 1857, both of legal and usurious, was void, and could not be recovered: but the last contract of the latter, for another year's forbearance, or extension of the time of payment, was a new contract, made while the law of 1856 was in force, and must be governed by that Act. It was said, that it could not be a new contract, because the note was not changed—no new note was given. That is true; but it was, nevertheless, a new contract, as much binding on the plaintiff, Story, as the first one, and of the same benefit to the defendant as the first—under the first he got the benefit of the use of $6,000 for one year, and under the second he was allowed to continue its use for the same time; and but for the last, the plaintiff would have got his money at that time to which he was entitled. That they allowed the old securities for the debt to remain unchanged, did not make it the less a contract binding on both parties, according to the law as it stood at that date. The plaintiff was therefore entitled to the legal rate of interest upon the amount then due, from the date of this last contract up to the time of the payment, with interest on the balance until the whole is paid; the defendant being entitled to the benefit of the payments made of usurious interest, and also of legal interest from the first to the second contract, as payments on the amount thus found to be due.

2. It was objected by the plaintiff, that defendant was not entitled to a credit of these sums on the debt as payment, but

that he could only get the benefit of them as sets-off, and this plea could not be set up in this proceeding. We think otherwise, and that they are good as payment; but were it otherwise, we think that the defendant in this proceeding is entitled to the benefit of every defence that he has, and could make available in any other form of proceeding.

Let the judgment be reversed.