White *vs.* Ross.

| 40 | 339 |
|-----|-----|
| 130 | 498 |

WILLIAM H. WHITE, administrator, plaintiff in error, *vs.* ALFRED ROSS, defendant in error.

A bill was filed by R., a person of color, against the administrator of R., a person of color, alleging that the complainant was the *illegitimate* son of the intestate, who, during his lifetime, and at the time of his death, always *recognized,* owned and treated the complainant as his son and child.   The intestate died about the 11th day of July, 1866. The complainant claims one-half of the intestate's estate, as his heir-at-law, under the 3d section of the Act of 9th March, 1866:   *Held,* that as the intestate died *after* the passage of the Act of 9th March, 1866, which declared "every colored child heretofore born, to be the *legitimate child* of his mother, and also of his colored father; if *acknowledged by such father,*" and *before* the passage of the Act of 12th December, 1866, that the complainant is entitled to inherit his share of the intestate's estate as the legitimate child of his deceased father.

Distribution of estates.   Illegitimates.   Negroes.   Decided by Judge GIBSON.   Richmond Superior Court.   June Term, 1869.

The bill of Alfred Ross, of said county, averred that he was the illegitimate child of Jacob Ross, a negro, of said county, who died intestate, leaving realty and personalty worth $6,000 00, and no heir but his wife, (who was not Alfred's mother, and had no children by Jacob Ross,) and himself; that Jacob Ross, "during his lifetime, and up to the time of his decease, (11th July, 1866,) always owned, recognized and treated Alfred as his son and child ;" that said property was accumulated by the labor of said Jacob, assisted by said Alfred; that said White administered on said estate, which was inventoried at $4,242 80, that being less than its value ; and notwithstanding the claim of Alfred for his distributive share of said estate, said White refused to give him any part of it, and delivered the whole of it to the widow of Jacob Ross, who made a will, by which this property passed to her children by a former husband, to the exclusion of said Alfred, (in which said White was named as her executor,) and died.  White proved the will, was qualified as such executor, and was proceeding to execute the will. Alfred claimed that he was entitled to half of said estate, or if the widow took dower in the lands, then to one-half of the personalty and two-thirds of the realty *in presenti*, and a remainder in the dower estate at the death of said widow, and because White had disregarded his claim, he prayed an account and settlement from him, etc., both in his individual capacity and as executor of said widow.

To this bill a general demurrer was filed.    The point was, that because Alfred was an illegitimate, whose parents were never married, he was not entitled to any part of said estate. The demurrer was overruled, and the defendant was required to answer.    This is assigned as error.

JOHN T. SHEWMAKE, for plaintiff in error.

J. C SNEAD, CLAIBORNE SNEAD, for defendant in error.

WARNER, J.

In July, 1866, Jacob Ross, a person of color, died intestate, leaving a widow, and his illegitimate son, Alfred Ross, a person of color, who claims one-half of the intestate's estate as his illegitimate child, under the provisions of the Act of 9th March, 1866, alleging that the intestate, during his life, and at the time of his death, always recognized, owned and treated him as his son and child. The 3d section of the Act of 9th March, 1866, enacts "that every colored child heretofore born is, declared to be the *legitimate* child of his mother, and also of his colored father, if *acknowledged* by such father." On the 12th December, 1866, the General Assembly passed another Act explanatory of the 3d section of the Act of 9th March, 1866, by which it is declared, "that the third section of the above recited Act shall be so construed as to apply only to such children as were born within what was regarded as a state of wedlock, or where the parents were living together as husband and wife." The intestate died between the dates of these two Acts, and the question is, whether the complainant in the bill is entitled to claim his share of the intestate's estate as his legitimate child, under the provisions of the first Act, which was in full force and effect at the time of the intestate's death. It is a general, *fundamental,* principle that all laws should be made to commence *in futuro,* and be notified before their commencement, which is implied in the term "*prescribed:*" 1st Bl. Com., 46. By the 6th section of the Code, it is declared that "laws only prescribe for the *future,* they cannot impair the obligation of contracts, nor generally have a *retrospective* operation :" *Wilder vs. Lumpkin, 4th Ga. Rep.,* 208. Construing these two Acts, in view of the common law rule and the provisions of the Code before cited, we are of the opinion that the right of the complainant to inherit, as the legitimate child of his deceased father, at the time of his death, was a right vested in him under the law of the State, as the same existed at *that time,* according to the facts set forth in the record, and that the Act of 12th December, 1866, which was

enacted *subsequenty* to the death of the intestate, and *subsequently* to the accrual of the complainant's right, under the provisions of the Act of 9th March, 1866, did not defeat or take from him his right to inherit under the provisions of that Act.

Let the judgment of the Court below be affirmed.