## DENNINGTON *v.* MAYOR AND COUNCIL OF ROBERTA.

1. By an act of the General Assembly, approved December 18, 1900 (Acts 1900, p. 405), a public-school system in the town of Roberta was established, and the exclusive management of the schools was vested in a board of school commissioners. It was provided in the act that the necessary funds for maintaining and supporting the schools should be annually derived from four sources, one of which was the levy of a special ad valorem tax, not to exceed one half of one per cent., by the town council of Roberta, on recommendation of the school board. The school board, pursuant to the terms of the act, recommended to the town council the levy of a special ad valorem tax of one half of one per cent., for the support and maintenance of the schools for the scholastic year ending in the summer of 1905. The town council refused to levy the tax recommended by the board. Subsequently, by an act approved August 21, 1905 (Acts 1905, p. 514), the former act of December 18, 1900, was repealed. *Held:*

(a) The repealing act will not be given a retrospective operation, so as to divest previously-acquired rights, or to impair the obligation of a contract lawfully made by virtue of and pending the existence of the repealed law.

(b) Where the school board contracted with a teacher for a stated sum, and the teacher rendered the service stipulated to be performed before the repeal of the law, and the other sources of revenue provided for the payment of his salary are exhausted, the town council will be compelled to levy the tax recommended by the school board, where it appears that the full tax recommended is necessary to discharge the teacher's contract, which had been audited by the school board.

2. The teacher is without remedy to enforce collection of his debt except by the levy of this tax, and he has such special interest therein as that he may by mandamus compel the levy of the tax.

Argued January 13,—Decided April 14, 1908.

Petition for mandamus. Before Judge Felton. Crawford superior court. November 29, 1907.

This is an application by J. W. Dennington against the mayor and council of the town of Roberta, for the writ of mandamus, to compel the levy and collection of a tax to discharge an amount alleged to be due for services rendered under a contract with the school commissioners of that municipality. In his petition for the writ he alleges: "that the town of Roberta, in said county, is incorporated under the laws of Georgia, with corporate powers of said town vested in a mayor and councilmen with power to sue and be sued, and such other powers as they may have under the law; that on the 18th day of December, 1900, an act of the General Assembly of the State went into effect, establishing a system of public schools in and for the said town of Roberta and creating a board of school commissioners for said town, with authority to establish schools, employ and fix the salaries of teachers, and do such other acts and things as necessary for the successful operation of said schools, and with power to recommend to the town council of Roberta to levy each year a special ad valorem tax for school purposes, not to exceed one half of one per cent. And by said act of the General Assembly the said mayor and council of Roberta were required to levy and collect the tax so recommended and pay the same over to the treasurer of said board of school commissioners. Petitioner shows, that said system of public schools so provided for was established, and the said town council did for several years levy and collect and pay over such tax, according to the terms and provisions of said act; that while said school system was being operated as aforesaid, the board of school commissioners of said town employed your petitioner as teacher in one of said schools and fixed his salary for his services as such, and in pursuance of said employment your petitioner rendered faithful service for and during the school year 1904 and 1905, ending in the early part of the summer, 1905; that for the services so rendered, the said board of school commissioners and the mayor and council of the town of Roberta are indebted to your petitioner in the principal sum of $433.81 upon 13 certain notes executed by said board of school commissioners for salary due to petitioner for services as teacher as aforesaid; that the said board of school commissioners admit the justice and correctness of said debt and acknowledge its pres-

ent existence, and are willing to pay the same, but have no funds out of which the said debt can be paid; that the reason said board of school commissioners have no funds with which to pay said debt, and the reason the same has not been paid, is that the mayor and council of the town of Roberta failed and refused to levy and collect the special school tax as recommended by said board of school commissioners for the school year 1904 and 1905, during which said debt accrued and became due and payable; that the said board of school commissioners recommended to the mayor and council of the town of Roberta that a tax of one half of one per cent. be levied and collected to meet the expense of operating said school system for the session of 1904 and 1905, yet the said mayor and council utterly failed and refused to levy and collect said tax as provided by law as aforesaid, in discharge of the plain duty of said mayor and council under the law. By reason of said failure to so levy and collect said tax for the purpose aforesaid, the said board of school commissioners had no funds with which to pay your petitioner, and have not, at any time since said debt accrued, had any funds with which to pay the same, and will never have any funds with which to pay, for the reason that since said debt accrued the General Assembly of Georgia passed an act abolishing said board of school commissioners and abolishing said public-school system; that unless the mayor and council of the town of Roberta are required by the order, judgment, and decree of this court to levy and collect said tax and pay the same over to your petitioner, he will be absolutely remediless, and can never in any way collect said debt due as aforesaid. Whereupon, the premises considered, your petitioner prays: 1st, that a mandamus nisi do issue, requiring the said mayor and council of the town of Roberta to show cause, at such time and place as may be fixed, why mandamus absolute should [not] issue against said mayor and council of the town of Roberta; 2d, that mandamus be made absolute by the order and judgment of this court, requiring the said mayor and council of the town of Roberta to levy and collect a special ad valorem tax of one half of one per cent., for the purpose of paying said debt so due and owing to petitioner, and when so collected to be paid over to petitioner within a certain time to be fixed by the order and judgment of this court, and that the levy of said tax be so made as to raise an amount equal to one half of one per cent. of

the taxable property in said town of Roberta as shown by the tax returns of said town for the year 1905, to wit, $81,517.00." The court dismissed the petition, on general demurrer, and · exception is taken to that judgment.

*L. D. Moore,* for plaintiff.　*H. A. Mathews,* for defendant.

EVANS, P. J.　(After stating the facts.)

1.　The primary question to be settled is the right of the town of Roberta to levy a tax, under the conditions appearing from the petition, after the repeal of the law which authorized the levy and collection of the tax.　The general rule is that a statute, from the time when it is repealed, can no longer be acted on.　The repeal of a tax law, without saving words, ordinarily puts an end to 'all right to levy taxes thereunder, but the repeal can not affect rights which have become vested under the repealed law.　1 Cooley on Taxation, 500.　The act approved August 21, 1905, expressly repealed the act approved December 18, 1900, which authorized the levy of this tax.　It contained no express saving clause.　If the repealing act had contained a saving clause allowing the tax therein provided to be levied and collected to discharge debts which had accrued under the old law before its repeal, there can be no doubt that the tax recommended by the commissioners of the school board would not have been affected by the repeal, so far as accrued rights were concerned.　There is a general statute in force in this State (Pol. Code, §6) which declares that "Laws prescribe only for the future; they can not impair the. obligation of contracts nor generally have a retrospective operation," and we might well treat this code section as the equivalent of a saving clause that a repealing act shall not be given a retrospective operation, .so as to destroy vested rights .or impair the obligation of contracts.　Aside from that consideration, it is a well-recognized canon of statutory construction that if a statute is susceptible of two constructions, one which would render it constitutional, and another which would render it unconstitutional, the former will be preferred, since the intent to pass an unconstitutional act 'will not be ascribed to the legislature.　If the plaintiff's right grows out of a contract lawfully made by virtue of and during the existence of the statute, and full performance was had before its repeal, it would be beyond the power of the legislature to impair. the obligation of such contract by subsequently repealing the statute.

32

which authorized it. Civil Code, §§ 5982, 5730; *Stoner* v. *Pickett,* 115 *Ga.* 653 (42 S. E. 41). If the previously acquired right of the plaintiff had become vested before the repealing statute was passed, such statute will not be given a retrospective operation so as to destroy such vested right. *Wilder* v. *Lumpkin, 4 Ga.* 298; *Peeples* v. *Walker,* 12 *Ga.* 353; *White* v. *Ross,* 40 *Ga.* 339; *Story* v. *Kimbrough,* 33 *Ga.* 21; *Sou. Banking Co.* v. *Fidelity Co.,* 105 *Ga.* 487 (33 S. E. 639).

Was the right of the plaintiff a vested one when the repealing act was passed? Under the act of 1900, a system of public schools was established; the board of school commissioners was empowered to employ teachers and fix their salaries. The plaintiff was employed for the scholastic year beginning in 1904 and ending in the early part of the summer of 1905, and rendered the service during this period, at the agreed price of $438.81. The board of school commissioners audited his claim and executed their notes for this sum. By the terms of the act of 1900 (Acts 1900, p. 405), the compensation of the plaintiff was to be made from a fund accumulated from four sources: (1) A special ad valorem tax, to be levied by the town council of Roberta, upon the recommendation of the board of school commissioners, not to exceed one half of one per cent.; (2) licenses and occupation taxes collected by the town; (3) the share of the State school fund apportioned to children within school age who resided in the town or who attended the school; and (4) tuition fees of children above the school age who attended the school. On the faith of being paid from a fund derived from these sources the plaintiff performed his contract, and his right to be paid from these sources became a vested right. The act of 1900 entered into his contract, and he could only be paid in the manner prescribed in that act. The legislature had the right to repeal the act at its pleasure, but could not destroy any antecedent vested right. Therefore it will not be imputed to the legislature, in repealing the act establishing the school system, that it intended to make the repealing act operate retrospectively, so as to prevent the payment of a lawful debt created while the act was in force. Quoad hoc, the act remained of force, and the town council was under duty to levy a sufficient tax, not to exceed one half of one per cent., on the recommendation of the board of school commissioners, made prior to the repeal of the

law, provided the fund from the other sources had been exhausted. The act of 1900 establishing the public school system in the town of Roberta placed the public schools of that municipality under the exclusive control and management of a board of school commissioners. The town council was required to levy each year a special ad valorem tax, not to exceed one half of one per cent., as recommended by the school board. The town council could not revise the action of the school board, or refuse to carry out its recommendation in determining the proper and necessary amount of taxes to be levied for school purposes, so long as the school board acted within the provisions of the law. The duty of the town council to levy the tax recommended by the school board was mandatory under the act, and the levy of the tax was a ministerial function. Such being the relative rights and duties respectively of the school board and the town council, it can not be doubted that prior to the repeal of the act of 1900 the school board, by mandamus, could have compelled the town council to levy the tax recommended by it. Civil Code, §4867; *Manor* v. *McCall*, 5 *Ga.* 522.

The point is raised that under the act of 1900, the school board, and not the town council, was the public agency provided by the law for receiving the money raised from the special tax and disbursing it, and therefore the plaintiff has no right in his own name to compel the levy of the tax. The ruling that the repealing act should not be construed so as to destroy the vested right of the plaintiff does not deny the right of the legislature to abolish the school board. They were public functionaries appointed by the legislature, and their powers could be withdrawn at legislative will, unless it was necessary that the board should be continued, in order to afford a remedy to individuals whose rights had become vested under the law which had been repealed. This was not necessary, since the only discretionary duties imposed upon them by the act had already been performed. These related to the management of the schools, the employment of the teachers, fixing their salaries, and the recommendation of a sufficient tax with which to pay the expenses incurred by virtue of the authority under the act of 1900. The only official action which was left to them to perform was the ministerial act of receiving from the town council the fund resulting from the tax levy, and turning it over to the

plaintiff. This service is not essential to the plaintiff's remedy to collect his debt, and may as well be performed by one public agency as another.

It was early settled in this State that the process of mandamus was available as a remedy at the command of a citizen, and would lie at the instance of any individual who, having a legal right, had no other remedy than mandamus for its assertion. *Napier* v. *Poe*, 12 *Ga.* 178. The plaintiff had fully performed his contract before the passage of the repealing act. His contract was made with the school board, who had the exclusive management of the school affairs of the municipality of Roberta. The town of Roberta, acting through its municipal council, had nothing to do with the employment of the plaintiff or with contracting to pay him for his services.. The terms of the act respecting payment entered into the contract between the school board and the plaintiff. This act contemplated an accumulation each year of a fund from specified sources, out of which the entire expense of administration of the schools for the current year should be paid. One source of revenue contributing to this fund was the money collected from a special tax levied upon the recommendation of the school board. It appears, from the petition, that the school board is without funds from the other sources, and that the tax has not been levied upon the board's recommendation by the town council, as required by law. Under these circumstances the plaintiff could not sue the municipality in an action of assumpsit. He has no remedy for the collection of his debt, other than by mandamus to compel the levy and collection of this tax.

In the argument it was urged that the plaintiff could not proceed against the town by mandamus until he had first reduced his claim to judgment. The reply to this argument is, that the plaintiff can neither sue the town, for lack of privity of contract, nor the school board, since its existence was abolished by the repealing act, and it had no funds on hand at the time, subject to pay the plaintiff's claim. Besides, we do not understand that simply because the special interest which a demandant has in the performance of a legal duty may relate to the collection of a debt, it is necessary in every instance that this debt should be first reduced to judgment. Thus, it was held that a petition for mandamus against the justices of the inferior court, by a physician,

wherein it was alleged that he had rendered certain services to the county, worth a stated sum, which respondents refused to pay, was not demurrable on the ground that the sum demanded was uncertain; the court holding that the allegation that the demandant was justly entitled to his claim for services for the stated sum was admitted to be true by the demurrer, and the amount demanded was therefore not uncertain. *Justices* v. *Felder,* 23 *Ga.* 212.

Nor is it any objection to the plaintiff's right to this remedy, that there may be other debts due and owing by the school board, of equal dignity with his demand, and that to allow the entire tax levy to be appropriated to the satisfaction of his debt would deprive other creditors of the school board, whose debts are of equal dignity with his, of the possibility of ever being paid. The petition discloses on its face that the taxable property of the town of Roberta is $81,517, and that a tax levy of one half of one per cent. would be insufficient to pay the principal of the plaintiff's debt. It may be conceded that if this tax be levied and collected, and the proceeds thereof appropriated to the satisfaction of the plaintiff's demand, other creditors of the school board, if there be such, might be remediless in the collection of their claims. Our reply to this contention is, that it is not even intimated in the petition that there are other debts contracted by the school board. We therefore can not indulge the presumption that such is the case. If, in fact, there are other debts, it would be a matter of defense that the plaintiff would not be entitled to have the money turned over to him. *Tuck* v. *Moss Mfg. Co.,* 127 *Ga.* 729 (4), (56 S. E. 1001). This would not relate to the remedy for the collection of the tax, but would relate only to its distribution.

*Judgment reversed. All the Justices concur.*