BANK OF NORMAN PARK *v.* COLQUITT COUNTY *et al.*

No. 7255. DECEMBER 11, 1929.

*Park & Strozier,* for plaintiff in error.

*P. Q. Bryan* and *W. G. Martin,* contra.

HINES, J. (After stating the foregoing facts.) Under the law as it stood when this deposit was made the county's claim for money deposited in this bank ranks second in order of payment. Ga. Laws 1919, pp. 135, 159; 8 Park's Code Supp. 1922, § 2268(s). By the act of August 25, 1927, the legislature made a material change in the priority of payment of claims against an insolvent bank, and wiped out the priority granted to counties for debts due them by such banks. Ga. Laws 1927, pp. 195, 199. It is insisted by the county that this act does not apply to this claim of the county, for the reason that it would have to be given a retroactive effect to be so construed, and that, if such construction is a proper one, the act is repugnant to the provisions of the State and Federal constitutions which prohibit the impairment of the obligation of contracts. On the other hand the superintendent of banks contends that the act of 1927 is applicable to this claim of the county; and that in the exercise of the police power of the State the legislature could pass such act, although it impaired the obligation of the contract under which these funds of the county were deposited in this bank.

We deem it unnecessary to pass upon the constitutional question thus raised, for the reason that under a proper construction of the act of 1927 it did not apply to claims the priority of payment of which was fixed by the act of 1919, above referred to, and had become vested under said act. Laws prescribe only for the future. Civil Code (1910), § 6. Retrospective statutes are forbidden by the first principles of justice. *Mayor &c. of Savannah* v. *Hardwick,* 8 *Ga.* 23; *Redd* v. *Hargroves,* 40 *Ga.* 18, 25. "The settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires." *Moore* v. *Gill,* 43 *Ga.* 388, 390. Furthermore, a repealing act will not be given a retroactive operation, so as to divest previously acquired rights, or to impair the obligation of a contract lawfully made by virtue of and pending the existence of the law repealed. *Wilder* v. *Lumpkin,* 4 *Ga.* 298; *Peeples* v. *Walker,* 12 *Ga.* 353; *Southern Banking & Trust Co.* v. *Fidelity Banking & Trust Co.,* 105 *Ga.*

487 (33 S. E. 629); *Dennington* v. *Roberta,* 130 *Ga.* 494 (61 S. E. 20). Paragraph 2 of section 3 of article 1 of the constitution of this State declares that "no retroactive law . . shall be passed." Civil Code (1910), § 6389. Section 19 of art. 7 of the act of 1919, which created the banking department of this State, gave to counties priority of payment of debts due them by an insolvent bank over all other debts except those due to the State. Under that act Colquitt County deposited $11,000 of its funds in that bank. The fact of this priority of payment was clearly within the contemplation of the parties at the time the contract under which these funds were deposited was made. Under the act of 1919 the county acquired a substantial right under this law. This law entered into and became a part of the contract. It was an essential element of the obligation of the contract. *Aycock* v. *Marlin,* 37 *Ga.* 124 (92 Am. D. 56); Walker *v.* Whitehead, 83 U. S. 314 (21 L. ed. 357). This act gave to counties a vested right to have debts due them by an insolvent bank paid in accordance with the priority fixed thereby. There being nothing in the act of 1927 which expressly, or by necessary implication, declares that it was meant to have a retroactive operation, and to destroy rights which had become vested under the act of 1919, it should not be given a construction which would have that effect. So we are of the opinion that the act of 1927 does not apply to debts created prior to its passage, and that that act should be construed to prescribe only for the future. It follows that the court below rightly overruled the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*