20788. COUNCIL *v.* PLANTERS BANK OF AMERICUS *et al.*

DECIDED APRIL 14, 1931.

*John A. Fort,* for plaintiff. *Stephen Pace,* for defendant.

BLOODWORTH, J. J. M. Council brought suit against the Planters Bank of Americus, Georgia, and alleged: "Your petitioner shows that on November 27, 1928, he deposited in said bank a sum of money in excess of $500, and on said date drew his check for $500, payable to the order of said bank, and then and there instructed said bank to remit the sum of $500, proceeds of said check, to petitioner's agents in New York, to wit, Wm. W. Cohen & Co. 3. Said bank accepted said check as payment to it of $500 and agreed to act as petitioner's agent in transmitting

said sum to Wm. W. Cohen & Co., the bank acting through its president, L. G. Council. 4. Petitioner alleges that said check was presented to said bank for immediate payment and transfer of $500 to itself as agent for the purpose of remitting as aforesaid. 5. Petitioner alleges that said check was presented to said bank and accepted, and said bank did not remit said $500, but held the same and continued to hold the same up to the time of its failure, about December 5, 1928, and now holds the same. 6. Deponent claims a preference on the funds of said bank in the hands of the State Banking Department and the liquidating agent of said bank to the extent of $500, on the ground that said sum was and is a trust fund, the title to which was and is in petitioner; and, the said bank having possession of it as the agent of petitioner, and the said bank having failed and neglected to transmit the same to petitioner's said agents as it had agreed to do, petitioner claims the right to have it returned to him in full. 7. Within the time required by law petitioner filed his claim, setting up a preference on the grounds hereinbefore set out, but said claim was disallowed as a preferred claim by the department of banking, acting through the State Superintendent of Banks, A. B. Mobley. 8. Petitioner shows he was served with notice of such rejection by registered mail on October 29, 1929, and brings this suit within time required by law. Wherefore, waiving discovery, petitioner prays: 1. That a trust be set up and declared in favor of your petitioner as to said $500, and that as to all funds of the Planters Bank of Americus in the State Banking Department the claim of your petitioner be declared superior to these unsecured creditors and a preferred claim to be first out of the funds in the hands of said Banking Department."

The defendant demurred as follows: "Now comes the Planters Bank of Americus, defendant in the above-stated cause, acting herein by and through the Superintendent of Banks for the State of Georgia, in charge of said bank for the purpose of liquidation; and demurs, both generally and specially, to plaintiff's petition thereof, says that the same is insufficient in law and moves to strike the same: 1. Because the facts alleged do not authorize the plaintiff to have his alleged claim classified, set up, or established as a preferred claim, or entitled to priority of payment from the assets of said Planters Bank or from the funds coming into the hands of

the Superintendent of Banks in the liquidation of said bank. 2. Because said preference or priority of payment in favor of plaintiff is not authorized or allowed by the banking laws of the State of Georgia. 3. Because the facts as alleged by plaintiff show that his said claim of $500 is entitled to classification only as a deposit. 4. Because the establishment of a trust fund or the setting up of a trust in favor of plaintiff or any other creditor of said bank is now [not?] authorized or provided by the banking laws of Georgia. 5. Because it appears from plaintiff's petition that his said claim is neither an expense of liquidation nor an unremitted collection. 6. Because the facts alleged do not show that the relation of plaintiff and said Planters Bank changed from that of debtor and creditor, or bank and depositor. 7. Because said petition fails to show or allege wherein the rank or order of payment of plaintiff's claim, as fixed by the Superintendent of Banks, is incorrect and not as fixed by law. 8. Because said petition does not show or allege that the check for $500 alleged to have been given said bank was ever charged to plaintiff's account in said bank, or that said bank ever set aside said sum of $500 for the special purpose alleged by plaintiff.

"9. Because it is not shown or alleged that said bank accepted said check for $500 in payment of the sum of $500. 10. Because a trust fund, or a trust set up in favor of plaintiff, would not be entitled to payment prior to depositors of said bank. 11. Because said petition set forth no cause of action in favor of plaintiff. 12. Because the allegations of said petition and the facts therein alleged do not entitle the plaintiff to payment of said claim of $500, or any other sum or amount, prior to the payment in full of the depositors of said Planters Bank." The presiding judge passed the following order: "The foregoing demurrer coming on regularly to be heard at this the May term, 1930; after consideration, it is considered, ordered, and adjudged that the general grounds of said demurrer be and the same are hereby sustained, and plaintiff's petition is hereby dismissed."

*Held:* The court properly sustained the general demurrer, and did not err in dismissing the petition.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur,*