GORMLEY, superintendent of banks, *et al. v.* BOARD OF
COMMISSIONERS OF TROUP COUNTY.

No. 9536.   FEBRUARY 16, 1934.

*M. U. Mooty* and *R. W. Martin,* for plaintiffs in error.

*Henry Reeves* and *L. L. Meadors,* contra.

HUTCHESON, J. ■ Under the ruling made in *Williams* v. *Bennett,* 158 *Ga.* 488 (123 S. E. 683), the money deposited by the commissioners of Troup County in the LaGrange Banking & Trust Company, according to the contract, was for a single specified purpose. Under that contract the money was to be held by the bank and to be paid out only on checks in payment of a specified bonded indebtedness of the county. Under the contract the county was without the power of withdrawing the money from the bank for any other purpose. It could not withdraw the money, even if it became aware that the bank was in failing condition, without the consent of the bank, or under some legal proceeding. In fact the county endeavored to withdraw part or all of the funds so held by the bank, and met with refusal. In these circumstances there existed between the bank and the county commissioners, with regard to the funds deposited, a fiduciary relation, a trust which entitled them to payment in preference to general depositors. See *Bank of Thomasville* v. *Lester,* 177 *Ga.* 306 (177 S. E. 189) ; *Southern Exchange Bank* v. *Pope,* 152 *Ga.* 162 (108 S. E. 551).

■ The contract between the county commissioners and the bank was not unlawful for any reason. The county commissioners had the right to make the contract. The bank also had the right to contract and to receive the deposit. Receiving such deposits is entirely in line and consistent with the charter right of the bank to do a banking business. It was not ultra vires. The character of the contract was fixed when the contract was finally signed and executed by the parties. Both parties had been acting in accordance with the contract for eight years when the banking act of 1919 was enacted. Nothing in that act could possibly avoid the rights of either party under the contract. The contract still had the effect of characterizing the deposit as a trust for a specified purpose. The banking act, of course, could legislate on matters not settled by the terms of the contract; as, for instance, the fixing of priorities or rank of debts due by the insolvent bank; but the act had to be applied to the contract as it existed. Under the banking act of 1919, debts due any county rank second only to debts due the State. The provision "debts due any county" included any sort of debt, whether that of a general depositor or a deposit for a specified purpose, or

one constituting a trust. So after passage and approval of the banking act of 1919 moneys still held in the LaGrange Banking & Trust Company and due the County of Troup were entitled to be paid in preference to all creditors except the State of Georgia. If the deposit became a trust fund and was due to an individual, it fell under class 3, as in *Williams* v. *Bennett,* supra. The banking act of 1927 (Ga. L. 1927, p. 199, § 19) had the effect of repealing sec. 19 of art. 7 of the banking act of 1919, with reference to priorities or the order of paying debts by insolvent banks. The act of 1927 provides the following order for such payments: "(1) Debts due depositors. (2) Debts due for taxes. (3) Judgments. (4) Contractual obligations. (5) Unliquidated claims for damages and the like." Under this classification "debts due depositors" rank first. That must mean all depositors. There is no special classification naming debts due counties, etc. It reduced to the second classification debts due for taxes, State and Federal. "Debts due depositors" must mean all depositors, and there are several kinds. There are general deposits, special deposits, and deposits for specific purposes. *Williams* v. *Bennett,* supra. The deposit dealt with in the present case is of the last-named character, a deposit for specified purposes, and under the ruling in *Williams* v. *Bennett* it is entitled to preference over general depositors. Compare in this connection *Lester* v. *Bank of Thomasville,* supra. Like the act of 1919, the act of 1927 did not in any way change the character of the deposit. It continued to be a deposit for specified purposes, and the bank held it in a fiduciary capacity, which gave it priority over general deposits. The case differs from *Town of Douglasville* v. *Mobley,* 169 *Ga.* 53 (149 S. E. 575), in that the deposit in this case was legal, there being no law prohibiting such a contract. In the *Douglasville* case the contract was illegal. In both cases the money constituted a sinking-fund for the payment of bonds. Whether the contract of deposit was legal or illegal, the bank, having notice of the character of the fund, held it as a trust fund. See *Bennett* v. *Wilkes County,* 164 *Ga.* 790 (139 S. E. 566); *Bank of Norman Park* v. *Colquitt County,* 169 *Ga.* 534 (150 S. E. 841). The slightly different facts existing in the last two cases, as compared with the facts of the present case, did not affect the application of the general principle of priority applied in this case. It follows that the judgment of the trial court should be affirmed.

*Judgment affirmed. All the Justices concur.*