MACON SAVINGS BANK *et al. v.* CITY BANK AND TRUST
COMPANY, guardian, *et al.*

No. 10708. March 31, 1936.

294

*E. W. Maynard,* for plaintiffs in error.

*Nottingham & Nottingham, Robert G. Plunkett, Jones, Johnston, Russell & Sparks, Ryals, Anderson & Anderson,* and *Smith & Smith,* contra.

ATKINSON, Justice. 1. In the statement of the order of paying debts of an insolvent bank which has been taken over by the superintendent of banks, the general banking act of 1919 assigned to the fifth place in the order of priority "debts due by the bank as trustee or other fiduciary and other claims of like character," and assigned to the seventh place in the order of priority "debts due to depositors and other contractual liabilities pro rata." 8 Park's Code Supp. 1922, § 2268(s). Similar provisions, except the numerical orders of priority (3) and (5) respectively, were made in the amending act of 1925 (Ga. L. 1925, pp. 119-129, 12 Park's Code Supp. 1926, § 2268(s), Michie, § 2366 (70). The subsequent amending act of 1927 (Ga. L. 1927, pp. 195, 199) changed the order by placing depositors first after paying the expenses of liquidation, and made no mention of "debts due by the bank as trustee or other fiduciary and other claims of like character." It has been held that the right of priority of a depositor which vested under the act of 1919 was not divested by reason of passage of the act of 1927. *Bank of Norman Park* v. *Colquitt County,* 169 *Ga.* 534 (150 S. E. 841).

2. All the claims of priority that were allowed except those de-

clared upon in the interventions hereinafter mentioned arose after the act of 1919 and before the act of 1927. As to these claims of priority the evidence authorized findings in favor of the plaintiff and the several intervenors that the insolvent bank was liable as for "debts due by the bank as trustee or other fiduciary," within the meaning of the act of 1919, supra, as amended by the act of 1925. The fact that the bank charged itself with interest does not require a different ruling. See *Gormley* v. *Board of Commissioners of Troup County,* 178 *Ga.* 439 (173 S. E. 667).

3. If a bank has possession of property as trustee or other fiduciary agent for another, it can not dispose of the property for its individual benefit. Such other person has a vested right to his property, independently of the banking laws, and on insolvency of the bank he may assert such right as against depositors and creditors of the bank. He may claim the property in kind if it can be identified; or if it has been mingled with the general assets of the bank, so that it can not be identified, and has been used to swell the general assets, he may in equity trace the property into such general assets and claim it in its changed condition, in preference to depositors and creditors of the insolvent bank. *Miller* v. *Gibbs,* 161 *Ga.* 698 (132 S. E. 626) ; *Bank of Thomasville* v. *Lester,* 177 *Ga.* 306 (170 S. E. 189) ; *Gormley* v. *Board,* supra.

(*a*) On this principle the evidence was sufficient to authorize a finding in favor of the intervenors City Bank & Trust Company as trustee for Pumpelly-Massenburg Company, the First National Bank & Trust Company as the receiver in the case of Trust Company of Georgia *v.* Schofield Iron Works, and the Holding Commission, whose claims arose after the amendatory act of 1927, and the intervenor R. L. Anderson as administrator of the estate of F. E. Bruhl, whose claim arose before the banking act of 1919.

(*b*) The judge based his ruling in sustaining the claim of Anderson, administrator, last above mentioned, on the basis of a special statute before the banking act of 1919. In view of the foregoing ruling, he reached the correct result in reference to this claim; and whether or not it was authorized under the law existing before the act of 1919 will not be decided. The judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*