EDWARDS *v.* BANK OF TALBOTTON *et al.*

No. 11001. MAY 14, 1936.

*J. W. Arnold,* for plaintiff.

*G. C. Thompson* and *D. M. Parker,* for defendants.

RUSSELL, Chief Justice. Edwards filed a petition against the Bank of Talbotton and Gormley as superintendent of banks, in charge of liquidating the assets and business of said bank, praying that his claim of $3,939.68 against the bank be established as a trust fund superior to the claim or lien of any depositor or like creditor of the bank, and that the defendants be enjoined from disbursing any funds from the assets of the bank until the priority of his claim should be adjudicated. The defendants filed an answer, a plea in bar, and a demurrer. The plea in bar and the demurrer asserted that the cause of action, if any, was barred, "because suit was filed thereon in this court more than ninety days after his claim as made by his petition was rejected and disallowed as a preference by the superintendent of banks, as provided by section 15, article 7, as amended, of the banking law of Georgia." The court did not pass on the plea in bar, but sustained the demurrer and dismissed the action. The plaintiff excepted.

Substantially, the petition alleged that on February 28, 1933, petitioner had on deposit in the bank $3,939.68; that on that day he informed Jordan, the president and cashier of the bank, that he had arranged to lend said amount to his brother, C. B. Edwards, and instructed said officer to take said sum and set the same aside for the sole purpose of paying the check petitioner was to give his brother; that Jordan, representing the bank, agreed to carry out this instruction; that on the same date the petitioner gave to his brother his check for said amount, drawn on said bank, which check was presented to the bank for payment on March 2, 1933,

when Jordan, president and cashier of the bank, told petitioner's brother that if he would leave the check and call back later in the day he would be given Atlanta exchange for the amount of the check or a part thereof, and the balance would be paid in cash, but he refused to leave the check, and when he returned later in the day the bank had closed for business for the day, and was thereafter placed in the hands of the superintendent of banks for liquidation. Petitioner alleges that at the time he gave said instruction to the bank through its president and cashier, said bank had no idea of complying with the instruction, but entered into the agreement for the purpose of defrauding and deceiving petitioner; that on February 28, 1933, said bank had on hand a sufficient amount of cash to pay said check, and the failure of Jordan, president and cashier of said bank, to set apart said funds in accordance with his agreement with petitioner for the purpose of paying said check, and his refusal and failure to pay said check, was a fraud upon petitioner committed by said bank by its said officer; that from the time of the agreement between petitioner and said officer said bank became the agent of petitioner for the purpose of setting aside said sum of money for the purpose of paying said check, and became the trustee of petitioner for said fund; that the relation of debtor and creditor existing between said bank and petitioner became extinct upon said agreement being entered into between petitioner and Jordan, president and cashier of the bank; and that the assets of said bank became impressed with a trust in said amount in favor of petitioner, and he is entitled to the payment thereof out of the assets of the bank before the payment of general creditors. In paragraph 15 of the petition it was alleged: "Your petitioner shows that he filed with said defendant superintendent of banks, as is required by law, his proof of claim for said funds, and set out in said proof that the said claim was of prior rank and dignity and under the law was superior to the claims of depositors and other creditors of like dignity against the assets of said bank, and that the same should be paid out of the assets of said bank in preference to the claims of depositors and other like creditors. Said claim was by the superintendent of banks accepted and allowed as to the amount and as a depositor's claim, but was rejected and disallowed as a preferred claim; said notice of same to your

petitioner being dated August 22, 1933." The petition was filed on February 12, 1934.

The point in this case is that paragraph 15 of the petition shows that petitioner filed his proof of claim, and set out in said proof of claim that it was of prior rank and dignity, and under the law was superior to the claims of depositors and other like creditors against the assets of the bank; that though the claim was accepted by the superintendent of banks and the amount allowed as a depositor's claim, the claim of preference was disallowed and denied, and the petitioner, as claimant, was given notice to that effect on August 22, 1933. It is provided in the Code of 1933, § 13-817: "Superintendent may reject claims or change rank. Actions— If the superintendent doubts the justice and validity of any claim or deposit or the priority thereof as claimed in the proof filed, he may either reject the same or change the rank or order of paying the same and serve notice of such rejection or change upon the claimant or depositor, either personally or by registered mail; and an affidavit of the service of such notice, which shall be prima facie evidence thereof, shall be filed in the office of the superintendent. Any action or suit upon such claim so rejected or changed as to rank, whether for the purpose of having such claim allowed or of establishing the rank or order of payment thereof, must be brought by the claimant against the bank in the proper court of the county in which the bank is located, within 90 days after such service, or the same shall be barred." The petition was not filed until February 12, 1934, which was almost six months after the date of the service of the notice from the superintendent of banks. It is strenuously urged in the brief of counsel for the plaintiff in error that the provisions of the Code section just cited are unconstitutional for certain reasons stated in the brief. The point is not raised in any of the pleadings in the record. This being so, it will not be considered. Questions as to the constitutionality of a statute presented only in the brief of counsel are insufficient to invoke a ruling of the Supreme Court. The petition was filed too late to be of any service to the plaintiff in this matter; and the court correctly so held.

*Judgment affirmed. All the Justices concur.*