Madden, Judge,
concurring:
I agree with the opinion of the court, and wish to make some additional observations.
Plaintiff relies heavily upon the oft-repeated statement of courts and text-writers that repeal statutes are to be given a retrospective effect unless a contrary legislative intent is shown. An examination of the cases in which the courts have so decided shows that the statutes in question have been, in most instances, expressive of a public policy which the legislature, by the repeal, intended to abandon or modify. Penal statutes, usury statutes, and statutes relating to procedure are examples.
In the repeal of a penal statute, the legislature is expressing a change of policy. Conduct which the state had, before the repeal, regarded as worthy of punishment, is to be regarded as innocent, or less blameworthy, after the repeal. In those circumstances it is almost certain that if the legislature had considered the question of what should be done about those persons who had committed, before the repeal, the henceforth legally innocent act, and whose offenses had not been adjudicated before the repeal, the legislature would have wished that the state should not apply the penalty. The reasons for applying it, the removal of the offender from society so that he may not again offend, the deterrent effective upon others to keep them from engaging in the same conduct in the future, have disappeared.
Usury statutes present somewhat the same aspect. The repeal of the usury law represents a change in policy on the part of the state, and once the policy is changed, high rates of interest contracted for in the past are no more reprehensible than those to be contracted for in the future. Similarly in dealing with procedure statutes, the courts have not regarded either party to a law suit, pending or prospective, as having any unchangeable right to have his case tried according to some particular rule. On the other hand, it *409 would produce confusion to try some suits under one procedure, and others, in which the cause of action had occurred earlier, under another.
When statutes dealing with what we may call substantive rights are repealed, other questions arise. If state legislation is repealed, and the repeal, if construed as retrospective, would impair the obligation of a contract or would arbitrarily take property, the question of the statute’s constitutionality can be avoided by giving the repeal statute only a prospective interpretation.[1] Then too the difficult question of whether the “right” asserted under the repealed statute rises to the dignity of a contract or property right, entitled to constitutional protection, is escaped by construing the statute as having prospective operation only, leaving undisturbed the arrangements which parties have made oh the basis of the repealed statute.
When a tax statute is repealed, it is usually succeeded by another. Yet the repeal of the old statute is never held to have the effect of preventing the government from collecting the taxes which fell due before the repeal.[2] The repealed statute is still the law for proper cases.
In these types of cases in which the courts habitually give only prospective effect to repealing statutes, we again feel fairly certain as to what the desire of the legislature would have been, if it had expressed that desire. In these cases, then, although the repealing statute contains not a word to indicate that it is to have only a prospective operation, and its language seems to wipe the former statute from the books for all purposes, yet the courts have given such statutes only a nonretrospective construction.[3] This seems to mean that the unqualified language of a repeal statute will as readily carry the nonrestropective construction as the restrospective one which the bare words would seem to require. '
*410 A consideration of the way in which the courts have handled these various types of cases leads one to the conclusion that in construing repeal statutes as to their retrospective or prospective operation, as in construing other writings, if it is evident what the legislature would have desired, if it had devoted its attention to the problem, that is the construction to be given to the statute if its language will bear that construction, and to the further conclusion that language of unqualified repeal will bear with equal ease either a retrospective or merely prospective construction. The controlling consideration seems to be the subject matter of the repealed statute, from which the probable intent of the legislature may be inferred.
In the case at bar, the Act of March 8, 1885, in effect at the time the lease was made, conferred upon the Government the valuable privilege of moving out of the leased property and into its own, if property of its own should become available, and thus escaping any further, payments of rent. Plaintiff argues that the defendant lost this privilege when, some months after the lease was made, the Act of March 3, 1885, was repealed.
Here the repeal represented no change in Congressional policy as to the right or wrong of a post office lease being cancellable. It had a single aim, to obtain lower rent in future leases by assuring to future landlords that the agreed rent would be paid for the full period of the lease. Its only retrospective effect, if it so operated, would be to give away valuable privileges had by the Government in leases made before the repeal, and to confer corresponding benefits upon landlords who had surrendered those benefits for a consideration satisfactory to them. It is hard to believe that Congress, if it had given its attention to this question specifically, would have done that, and equally hard to imagine what reason a proponent of such a course would have advanced for it. If the earlier statute had conferred a correspondingly valuable cancellation privilege upon the landlord of a lease to the Government for post office purposes, a repeal statute would not be construed to have destroyed that privilege, even assuming that such a construction did not en *411 .counter constitutional impediments.[4] I think that language ■which would not be construed to take away a right of the citizen ought not to be construed to give away a corresponding right of the Government.
As to whether there is any more equity in plaintiff’s position than there would have been if it had made its .lease before there was any movement on foot to repeal the Act of March 3, 1885, this may be said: It was made clear to plaintiff in 1920 that the lease would be subject to the cancellation statute. In the period of a year and four months which elapsed before the lease was actually executed, there developed, as plaintiff probably knew, the prospect of a repeal of the statute. If the amount of the rent which plaintiff was willing to accept was reduced at all by the prospect of repeal, no evidence discloses that fact. If plaintiff, without disclosure to the defendant, took the prospect of repeal into consideration in setting the rent, it could hardly have been upon any other basis than this; that Congress may — probably will — repeal the cancellation statute; that if' it does, the courts may give a retrospective effect to the repeal. I do not think that plaintiff’s speculation, if it occurred, upon that kind of a possibility on a possibility can be translated into an equity which should determine the meaning of the statute in question.

 See Knights Templar Indemnity Co. v. Jarman, 187 U. S. 194, 204—5; Duke Power Co. v. South Carolina Power Commission (C. C. A. 4th Cir.), 81 F. (2) 513.

 See Blakemore v. Cooper, 15 N. D. 5, 106 N. W. 566; Commonwealth v. Mortgage Trust Co., 227 Pa. 163, 76 Atl. 5.

 See Ettor v. City of Takoma, 228 U. S. 148; Bank of Norman Park v. Colquitt County, 169 Ga. 534, 150 S. E. 841; and see cases cited in notes 1 and 2.

 See Lynch v. United States, 292 U. S. 571.