Seay *vs.* Treadwell.

THOMAS SEAY, plaintiff in error, *vs.* SMITH TREADWELL, defendant in error.

Where a trial is had in equity, and the jury return their verdict, and a motion made for a new trial is overruled, and the judgment of the Court brought by bill of exceptions to this Court, and the judgment affirmed, by operation of law, in the dismissal of the case, such judgment of affirmance is conclusive upon all parties as to the merits and grounds embraced in the motion for a new trial, and cannot subsequently be reviewed or reheard by the Court; and where a bill was brought, asserting no new ground, it was proper to dismiss the same for want of equity. The failure to enter the decree at the term the verdict was rendered, appealed from and affirmed, did not leave the case open, or present any new ground for equitable interference to set aside the verdict, but it was the duty of the Court to enter such decree by an order *nunc pro tunc.*

*Res adjudicata.* Equity. Dismissal of writ of error. Before Judge HARRELL. Terrell Superior Court. May Term, 1871.

Seay averred, that in June, 1866, Treadwell filed a bill against him, averring that in December, 1864, he and Seay swapped certain described lands and exchanged bonds for titles therefor, Treadwell giving him his obligation to pay $10,000 00, in Confederate money or produce, to boot; that they had taken possession of the lands so swapped; that he had tendered Seay a deed to the lands sold by him to Seay, and offered to comply fully with his part of the trade, and yet Seay would not comply; and he prayed that Seay be compelled,specifically, to perform said contract. Further, he averred that he defended upon the grounds that he was made drunk by Treadwell, in order to induce him to make said deed; that the price agreed to be paid for his lands was grossly inadequate; that Treadwell made false and fraudulent representations to him as to the value of his (Treadwell's) land, and because Treadwell, himself, could not comply with his part of said bargain. He prayed for a rescission of the trade. That bill and answer, setting out these matters *in extenso,*

Seay vs. Treadwell.

are exhibited to this bill. Further, he averred that he proved, on the trial, all that he set up in his said answer, (and attached a copy of the evidence used on the trial, to support his statement,) and that yet the jury, under the charge of the Court, found a verdict in Treadwell's favor, requiring Seay to convey the lands, upon Treadwell's making the promised deed to him and paying him $1,000 but they found nothing as to costs. He made a motion for a new trial, upon the grounds that the verdict was contrary to evidence, equity and the law and charge of the Court. This motion was overruled. He excepted, and in the time allowed by law, and in strict conformity to law, filed his bill of exceptions and took all proceedings necessary to have said verdict and charge of the Court reviewed by the Supreme Court. (A copy of that bill of exceptions is exhibited.) When that cause was called here, upon motion of counsel for Treadwell, the writ of error was dismissed, because a certain deed was not *copied* in the bill of exceptions, and because the record was not certified and sent up as required by law. Counsel below had agreed that the brief of evidence in said bill of exceptions was substantially a true and correct brief of the evidence on the trial; the Judge below had approved the brief of evidence and certified that the bill of exceptions contained all the evidence material to a clear understanding of the errors alleged therein. Besides, the description of that deed was all that was necessary, as no point was made on it. But the counsel who made this motion here was not in the Court below, and the record was not fully read by this Court, or it would have appeared that a *copy* of said deed was useless in said cause. Again, before the cause was dismissed, his counsel asked for a continuance to prove that they were not at fault in the delay of the Clerk, but this Court refused to grant time, and passed an order " that said case be dismissed, and the judgment of the Court below stand affirmed, on the ground that the counsel for plaintiff in error failed to comply with the 10th Rule of this Court, and for

the reason that the record was not certified within the time prescribed by law, plaintiff in error having failed to show diligence on his part to have the record certified." In rendering said judgment, the Supreme Court said Seay's remedy was against the Clerk, if his fault had damaged him, but by this verdict Seay lost $20,000 00, the Clerk's bond is but for $2,000 00, and he has no property.

Seay's counsel asked this Court, at said term, for leave to file a bill for a review of said verdict and charges, but this Court held it had no original jurisdiction, and could not grant such leave, and refused to do so. Yet his counsel " had the assurance from said Court as individuals, that, while it did not choose to change the practice in this regard by granting such leave, yet, should a bill of review be filed in the Court below and such case, so made, should come before that Court, at any time thereafter, in the usual way, they would hear and determine it, as any other case, upon its merits, as they had done and considered several cases of like character during the term then sitting."

If said verdict cannot be set aside he will be greatly injured, without fault, etc. Further, he averred that no decree had ever been entered upon said verdict and Treadwell had not paid said $1,000 00. The prayer was to set aside said verdict, for a new trial and general relief.

This bill was demurred to upon the ground that the refusal of a new trial and judgment of the Supreme Court was final and conclusive upon the parties touching the whole controversy. And defendant pleaded said proceedings in bar of this suit. When this cause was called for trial, Seay's counsel objected to Treadwell being heard till he had complied with the verdict. Thereupon he did comply. The Court passed an order reciting that he had complied, and ordered the $1,000 00 and interest then paid into Court, to be held for Seay. He further ordered that a decree nunc pro tunc be entered upon said verdict, and that Seay should pay the costs of said first bill.

Seay *vs.* Treadwell.

After argument had and inspection of the records mentioned, the Court sustained said demurrer and plea and dismissed this bill of review. It is said that the Court erred in dismissing the bill, in allowing said decree *nunc pro tunc* to be entered and in requiring Seay to pay the costs of the original bill.

LYON, DEGRAFFENREID & IRVIN, for plaintiff in error. As to costs: 2 Bibb's (Ky.) R., 166; 14 Ves. R., 144; 12 Ohio R., 354; 10 Ves. R., 470; 3 Kelly's Ga. R., 230; Dan. Ch. Pr., 1478-9, 1480-1; 1 John's Ch. R. As to *nunc pro tunc* decree: 1 Wall. R., 627; Dan. Ch. P., 1031, 1037; 1 Turn. & B., 178; 35 Eng. L. and E. R., 252; 18 Ga. R., 318; 24th, 167; 30th, 929; 3d, 23; 14th, 589. As to conclusiveness of judgment by dismissal here before decree entered: 33 Ga. R., 125; 26th, 368; Dan. Ch. Pr., 1029, 1030; 7 John. Ch. R., 1; Story's Eq. Pl., 5791; 7 Gray., 385-6; 17 Ves. R., 176; 13 Peter's R., 13. As to conclusiveness further: 4 Ga. R., 588; 2 Kelly, 290. Rehearing can be had because Treadwell did not perform decree: 5 Russell, 252; 5 Eng. Ch. Cas., 2; Dan. Ch. Pr., 634; Story on Pl., sec. 408. This is not a bill of review but for a new trial. This Court made a mistake: Tubb *vs.* Parker, January Term, 1871. The verdict was wrong as shown by evidence which is part of the record: Story's Eq. Pl., sec. 407; 5 Mason's R., 311; Acts of 1870, 90. The case is not one for specific performance: R. Code, secs. 2685, 3134, 3135; Adams' Eq., 81; 5 Cranch R., 262; 3 L. Cas. in Eq., 69 to 74; 2 Wheat. R., 200; 1 Peter's R., 155; 13 Mason & Wils., 623; Story on Con., sec. 44. Rescission was right: 13 Peter's R., 26; Fry. on Sp. Perf., (191); 1 Story, 172; 3d, 659; 9 Wood & Min., 90, 342; 2d, 246; 7 Yerger (Tenn.) R., 67.

C. B. WOOTEN; F. M. HARPER; D. A. WALKER, for defendant. Costs subject to discretion of Judge: R. Code, secs.

4118, 3444, 5449. Conclusiveness of dismissal : Broom's L. M., 131 ; Story's Eq. Pl., sec. 407, note 1 ; *Ibid.*, sec. 634, *a* ; 36 Ga. R., 258 ; 40th, 493 ; Story's Eq. P., sec. 408 ; Perry *vs.* Gunby, last term ; 2 Kelly, 290 ; 4 Ga. R., 558 ; 38th, 197–8.

LOCHRANE, Chief Justice.

We need not go through this voluminous record, or take up time and space in a recital of facts, as the legal principles controlling our decision may be briefly stated and applied. The bill presents only two points necessary for our adjudication. When this case came before this Court at a previous term, it came upon exceptions to the judgment of the Court below refusing a new trial, when the bill of exceptions and case was then dismissed. The effect of that dismissal was an affirmance of the judgment of the Court below refusing such new trial, and was *conclusive* upon all parties as to the merits and grounds assigned as error embraced in the motion. And this bill, brought for a rehearing or review of the merits as then presented, was properly demurred to, and the demurrer was properly sustained by the Court below.

As to the alleged failure to enter the decree at the same term when the jury rendered their verdict, which was affirmed by this Court, this fact constituted no new ground to invoke the rehearing or review, but it was the duty of the Court below to pass an order allowing such decree to be entered *nunc pro tunc.*

Judgment affirmed.