## Spencer *et al.* *vs.* Peake, administrator.

It is within the power of all courts of general jurisdiction to complete and amend their records, so as to make them speak the truth. Therefore, where an administrator applied for leave to resign, and on an appeal from the court of ordinary, the jury found in his favor, but no judgment was entered on the verdict until after his death, the judgment could then be entered *nunc pro tunc* on motion of his administrator. Code, §206; 18 *Ga.*, 287; 1 Kelly, 95; 10 *Ga.*, 187; 58 *Id.*, 365; 54 *Id.*, 541; 2 Tidd's Prac., 932.

(*a.*) The legal effect of the judgment when entered is not now before the court.

Judgment affirmed.

December 4, 1884.

Blandford, Justice.

[Erwin, administrator of Tumlin, deceased, petitioned the ordinary for leave to resign his trust. This was resisted by certain heirs-at-law of Tumlin The ordinary granted the application, and appeal was taken and a verdict rendered in favor of the applicant, but no judgment was entered. Erwin died, and his administrator moved to enter a judgment *nunc pro tunc* on the verdict. The heirs of Tumlin were made parties defendant to the motion, and resisted it, on the ground that Erwin had died, and that some of them were minors when the application to resign was made by him, and were not properly made parties. The objection was overruled, and the judgment allowed to be entered. Objectors excepted.]