WHITTLE, sheriff, *v.* JONES; *et vice versa.*

Nos. 14956, 14958. OCTOBER 6, 1944. REHEARING DENIED NOVEMBER 22, 1944.

540.

542

*George Hains, solicitor-general, John A. Boykin, solicitor-general, C. E. Presley, E. E. Andrews,* and *Durwood T. Pye,* for plaintiff in error. *Hammond, Kennedy & Yow,* contra.

GRICE, Justice. ■ There is a motion to dismiss the writ of error in the main bill on two grounds: first, that the evidence adduced upon the trial of the case and incorporated in the bill of exceptions has not been verified as required by the rules and the statutes; and second, because there is no exception to any final judgment. An examination of the bill of exceptions discloses not only a bona fide effort to eliminate the immaterial, but a successful attempt to do so. Counsel must be allowed some latitude and some discretion in making up a summary of the evidence to be incorporated. No abuse of such discretion is here shown. The final judgment was the one granting the writ of habeas corpus and discharging Jones from custody. There are in the bill of exceptions a number of special assignments of error on the final judgment. The motion to dismiss is denied.

■ It is insisted by the applicant that the new constitutional provision as to pardons works to his disadvantage, is a substantial withdrawal of his rights, and that, since he was convicted prior to the adoption of the amendment, it is as to him an ex post facto law. But, if it should for the moment be assumed that such position be a sound one, does it follow that he was entitled to his freedom under the habeas-corpus proceeding? If it is in effect an ex post facto law when applied to him, then the amendment is of no effect in his case, because it collides with a provision of the Federal constitution which declares that no State shall pass such a law. The attempt to amend the State constitution as to the matter here involved would be an abortive effort, and that instrument would remain in force as it was before the so-called amendment was adopted. Where does his position lead him? He desires the court to declare the amendment void as to him. If it were to be so adjudged, then the power of the Governor to grant him a pardon would remain unaffected, and no such authority would rest

in a board of pardons and paroles. If he is right in his view that the amendment is as to him an ex post facto law, it is obliged to follow that his right to apply to the Governor for a pardon and the Governor's power to grant it are the same as on the day of his conviction, and before. For this reason alone, he is not entitled to be discharged from custody on the ground that, since the crime was committed, an ex post facto law has been passed which works to his disadvantage.

■ Again, in order to make his contention that the amendment is, as to him, an ex post facto law, he assumes that, under the amendment, the Governor's right to pardon those who were convicted of crime prior to its adoption was withdrawn. The amendment is silent as to this. If to apply it to all convicts, those convicted of crimes committed before as well as after its adoption, would make it, as to him, an ex post facto law, then the amendment would not be given retroactive operation. It is a well-known principle that a statute will not be construed in such a way as to make it unconstitutional if it can be avoided, and a statute is never to be given a retroactive operation unless such construction be absolutely demanded. *Bank of Norman Park* v. *Colquitt County,* 169 *Ga.* 534 (150 S. E. 841). The reason of the rule is applicable when construing a provision of a State constitution against an attack thereon based on a contention that it violates the Federal constitution. 16 C. J. S. 81, § 40. If the amendment be void if applied to cases where convictions were had before its adoption, then, since the amendment is silent as to whether it is intended to affect only those subsequently convicted, it will be presumed that it was not intended thereby to apply to those cases where, if it were applied, it would have the effect of an ex post facto law. Compare *Conyers* v. *Commissioners of Bartow County,* 116 *Ga.* 101 (42 S. E. 419); *Bond* v. *Munro,* 28 *Ga.* 597. The amendment under attack repealed the existing provision as to the Governor's pardoning power. A repealing act will not be given a retroactive operation so as to divest previously acquired rights. *Dennington* v. *Roberta,* 130 *Ga.* 494 (61 S. E. 20). So, it would seem that if the applicant be correct in his contention that the amendment undertook to deprive him of a substantial right, the answer would be that the amendment, if such be its effect, would not be given a retrospective operation so as to include him.

■ The Supreme Court will not pass on the constitutionality of a so-called law when it is challenged by a party whose rights are not affected by it. *Hazleton* v. *Atlanta,* 147 *Ga.* 207 (93 S. E. 202); *Witherow* v. *Board of Drainage Commissioners,* 155 *Ga.* 476 (117 S. E. 329); *Webb* v. *Atlanta.* 186 *Ga.* 430 (198 S. E. 50). Nor, until an attempt is made to exercise some right claimed under the provision under attack, affecting the rights of the attacking party, will the courts pass upon the validity of the same. *Toney* v. *Macon,* 119 *Ga.* 83 (46 S. E. 80); *Carswell* v. *Wright,* 133 *Ga.* 714 (66 S. E. 905); *Owens* v. *Watkins,* 189 *Ga.* 311 (5 S. E. 2d, 905). Comity to a co-ordinate department of the government requires of courts that cases shall not be disposed of on constitutional grounds, when it is possible to avoid such questions without a sacrifice of the rights of parties. *Board of Education of Glynn County* v. *Brunswick,* 72 *Ga.* 353.

An endeavor has been made in previous portions of this opinion to demonstrate that if Jones should be correct in his contention that the amendment referred to, in so far as it affects him, is in effect an ex post facto law and therefore unconstitutional, he is given no right to be discharged from custody; but that the constitution as it was before the amendment, is, as to him, still of force. Also, we have endeavored to show that if it would be, as to him, an ex post facto law, it was not to be supposed that it was intended to act retroactively, but to be limited in its operation to those convicted after its adoption. If the correctness of either of the above propositions has been demonstrated, it follows that there is no necessity for passing on the constitutional question raised by him, for he has by the amendment been denied no right or privilege which he had before. In thus declining to pass upon the constitutional question, it should be made clear that we have assumed only for the sake of argument the correctness of his contention that the new provision contained in the amendment is, as to him, an ex post facto law and void. But, in any view of the matter, the ratification by the people on August 3, 1943, of an amendment to the State constitution, placing the pardoning power in a board of pardons and paroles, did not have the effect of discharging from custody all persons convicted by the courts prior thereto. The judge erred in giving him his freedom on the hearing of his application for habeas corpus.

■ It is clear from this record that Jones was sentenced for the crime for which he was tried and convicted, to wit, subornation of perjury, and that by a mere clerical error the crime was otherwise described in the sentence. Every court has the inherent authority to correct its own records to make them speak the truth. *Ellis* v. *Clarke,* 173 *Ga.* 618 (160 S. E. 780); *Grand Chapter* v. *Wolfe,* 175 *Ga.* 867 (166 S. E. 755); *Beecher* v. *Carter,* 189 *Ga.* 234 (5 S. E. 2d, 648). In *Ellis* v. *Clarke,* supra, the amendment was made pending the habeas-corpus hearing before a judge of a city court, and this court held that the habeas-corpus court did not err in suspending the hearing until the minutes of the superior court could be corrected; nor did he err in admitting in evidence the certified copy of the order of the judge of the superior court amending its minutes, on the ground that it was not a "nunc pro tunc" order. The report of that case shows that the order was entered several terms of court after the minutes were originally entered. The correction in the instant case was made from an inspection of the record, to make the sentences conform to the actual record. No issue of fact was involved, and that the order correcting the same was made ex parte makes no difference. But, if the sentences had been void, a verdict of guilty appearing in the record, it would seem that this would not entitle the applicant to his discharge on habeas corpus. He stands convicted of a crime, and if no sentence had been rendered, or if the one that was passed was void, and the correction did not cure it, the proper procedure apparently would have been to remand him to be sentenced for his crime. See *Morris* v. *Clark,* 156 *Ga.* 489 (119 S. E. 303), and the authorities there cited.

■ After the application for habeas corpus was filed, the judge permitted the applicant to be released on bail, and he gave bond conditioned upon his appearing at the hearing and responding to the judgment of the court thereon. He was therefore released from custody, and was at large under said bond at the time of the habeas-corpus trial. He appeared in court, however, and attended said trial, and thereafter remained at liberty under said bond. One of the reasons urged by the respondent's counsel why it was error to discharge the applicant was that he was not in custody at the time the case was heard. We have not dealt with that in the opinion because it was deemed unnecessary. However, the

plaintiff in error also assigns error on that part of the judgment under review which adjudges that, the petitioner having appeared in court pursuant to the terms of the bond, said bond be discharged and satisfied. We know of no law authorizing the judge to release on bail a person convicted of crime pending the determination of the issue raised by his application for habeas corpus. See *Hames* v. *Sturdivant*, 181 *Ga.* 472 (182 S. E. 601), *Johnson* v. *Aldredge*, 192 *Ga.* 209 (14 S. E. 2d, 757), and the authorities there cited. The exception to that part of the judgment having to do with the discharge and satisfaction of the bond is, however, well taken. Now that the attention of the trial judge is called to the fact that no authority was vested in him to release the applicant on bail, and the judgment of this court being that he was not entitled to his discharge on habeas corpus, it may be anticipated that the trial judge will, so far as it may be in his power, give such further direction in the matter as will restore the status as it was immediately before the filing of the petition for habeas corpus.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*