### SWINDELL *v.* SWINDELL.

HAWKINS, Justice. Mrs. Pauline Overstreet Swindell filed her petition for temporary and permanent alimony for herself and minor child, against John E. Swindell Jr., in Chatham Superior Court, on February 19, 1944. The defendant acknowledged service of the petition and process, and agreed for the case to be tried at the first term of court. The case was tried at the June term, 1944, and a verdict in favor of the plaintiff .was rendered by the jury on June 28, 1944, awarding to the plaintiff $30 per month for her support and $30 per month for the support of the named minor child of the parties. No judgment or decree was entered at that term of court, or within four days thereafter; but on July 30, 1945, without any application, petition, notice, hearing, or evidence—apparently on the court's own motion—a decree was entered nunc pro tunc as of June 28, 1944, the date of the verdict, making the verdict of the jury the order, judgment and decree of the court. In September, 1951, the plaintiff brought a rule for contempt against the defendant for failing to pay the permanent alimony as required by the decree. To this rule the defendant filed his answer, in which he admitted that a verdict had been rendered in the alimony proceeding as alleged, but denied that any decree was rendered therein by the court at the term at which the verdict was returned, or within five days thereafter, and alleged that he had never been served with any petition or notice that the plaintiff intended to apply for one at a later date, and that no petition was ever filed by the plaintiff asking for a decree and judgment nunc pro tunc. To the judgment holding him in contempt the defendant excepted, contending that the decree for alimony was void because entered nunc pro tunc without any application, petition, notice, hearing, or evidence, and that the evidence introduced on the hearing was insufficient to support a judgment holding the defendant in contempt of court. *Held:*

1. While a court is without power to punish a husband for contempt for failure to pay alimony awarded by a void judgment or decree (*Allen* v. *Baker,* 188 *Ga.* 696, 4 S. E. 2d, 642), and while Code § 110-302 provides that the party in whose favor a verdict shall be rendered, or his attorney, shall be allowed to enter and sign up a judgment thereon at any time within four days after the adjournment of the court at which such verdict was rendered, even though a judgment and decree for alimony may not be entered on a verdict at the proper time, every court has the inherent power—and it is the court's duty—to correct its own records to make them speak the truth. *Seay* v. *Treadwell,* 43 *Ga.* 564; *Whittle* v. *Jones,* 198 *Ga.* 538 (32 S. E. 2d, 94). Where based solely on

the record, and without the necessity for the introduction of extrinsic evidence, the court may, on its own motion and without notice, enter such judgment and decree nunc pro tunc at a later date; and since such entry simply perfects the record, as between the parties it relates back to the time when it should have been entered, although a different rule would apply to sureties, intervening bona fide purchasers, or innocent third parties. Code, §§ 24-104 (6), 81-1201; *Walden* v. *Walden,* 128 *Ga.* 126 (57 S. E. 323); *Kelsoe* v. *Hill,* 58 *Ga.* 364; *Sloan* v. *Cooper,* 54 *Ga.* 486 (4); *Vaughn* v. *Fitzgerald,* 112 *Ga.* 517 (37 S. E. 752); *Scarborough* v. *Merchants & Farmers Bank,* 131 *Ga.* 590 (62 S. E. 1040); *Chapman* v. *Chattooga Oil Mill Co.,* 22 *Ga. App.* 446 (96 S. E. 579). The decree attacked was not void for the reason assigned.

(*a*) While in the cases of *Kelsoe* v. *Hill,* 58 *Ga.* 364, and *Chapman* v. *Chattooga Oil Mill Co.,* 22 *Ga. App.* 446 (supra), reference is made to the fact that there was proper application or motion and notice before entry of a judgment nunc pro tunc, and while in *Walden* v. *Walden,* 128 *Ga.* 126, 133 (supra) reference is made to the fact that no question was raised as to the regularity of the motion to enter the judgment nunc pro tunc, or as to whether notice was given, and while in *Millis* v. *Millis,* 165 *Ga.* 233, 242 (140 S. E. 503), a case wherein the entry of such a judgment depended upon an investigation to be made by the trial judge as to the facts, it was said that "Certainly the better practice would be to file a motion for the grant of such nunc pro tunc judgment, and give to the opposite party notice of such motion and an opportunity to be heard"—none of these cases holds that a formal application or motion and notice to the opposite party is essential where the judgment to be entered is based solely on the record; and we hold that a judgment nunc pro tunc, which is based solely upon the record, without the necessity for the introduction of any extrinsic evidence, and which would follow from the record as a matter of course, may be entered by the court on its own motion and to make its record complete, and without application or motion and notice to the opposite parties. *Scarborough* v. *Merchants & Farmers Bank,* 131 *Ga.* 590, 592 (supra).

2. On the hearing of the case, the trial judge found that there was due and unpaid a balance of $2099 as permanent alimony for the support of the minor child of the parties. The plaintiff testified that, while all temporary alimony had been paid, only $660 had been paid on the permanent-alimony decree since the rendition of the verdict, and that this had not been voluntarily paid by the defendant, but as the result of two criminal warrants for abandonment sworn out by her against the defendant. While the defendant testified that he had contributed everything he was financially able to pay to the support of the plaintiff and the child, and his health was very bad, that he had spent six months of the past twelve months in the Veterans Hospital, during about two or three months of which time "I drew a small amount for some help I rendered in said hospital," and that he had lived with his father on a farm most of the time since the separation and had depended on his father and his promise to handle all dealings with the plaintiff—the defendant was present before the trial judge, who had an opportunity to observe him and his apparent physical condition, and he gave no facts as to what his earnings had been or as to his earning ability. It

appeared that he had since remarried, had a wife and two children, and was living with his mother at the time of the trial. Under these facts, we cannot hold that the trial judge abused his discretion in adjudging the defendant in contempt, and ordering that he might purge himself by paying $250 in cash, an additional stated amount as attorney's fees, and $50 per month for the support of the child, $30 of which would be applied to the current alimony coming due at the time of payment, and the balance of $20 to be applied to said judgment. *Townsend* v. *Townsend,* 205 *Ga.* 82 (52 S. E. 2d, 324); *Whaley* v. *Whaley,* 208 *Ga.* 323 (66 S. E. 2d, 722).

*Judgment affirmed. All the Justices concur.*

No. 17727. Submitted January 15, 1952—Decided February 12, 1952.

*R. L. Dawson,* for plaintiff in error.
*R. L. Carr,* contra.