### 25706. WALLER v. WALLER.

Mobley, Presiding Justice. In a divorce, alimony, and child custody case, the order denying the motion of the defendant for new trial was entered on October 29, 1969. On November 24, 1969, the trial judge entered an order which stated that it was to act as a supersedeas to the previous order until another hearing could be had on the matter, and granted the defendant an additional thirty days within which to file a notice of appeal. On December 4, 1969, an order was entered denying the defendant's motion to set aside the order denying the motion for new trial, and the appeal is from this order. The notice of appeal was filed on December 24, 1969.

1. Motion to dismiss has been filed by the appellee, in which it is contended that the notice of appeal was filed too late. In *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313), it was held that the grant of a supersedeas does not extend the time for filing a notice of appeal. The present case differs from the *Wilson* case in that in the present case the judge granted an extension of time for filing the notice of appeal. The notice of appeal was filed within this extended period of time, and the appeal is not subject to dismissal.

2. The first enumeration of error attempts to raise a constitutional question. So far as we can determine from the record, this question was not made in the trial court, and can not be raised for the first time in an enumeration of error in this court. *Marter v. State,* 224 Ga. 569 (2) (163 SE2d 702).

3. No transcript of the evidence on the trial of the case is before this court. The appellant argues that the order denying the motion for new trial was void because the trial judge had previously stated orally in open court that he would grant the motion for new trial. The evidence at the hearing on the motion to set aside the denial of the motion for new trial pertains to the dispute as to whether this oral announcement was made. An oral announcement by the trial judge that he will grant a motion for new trial is no judgment. In order for a judgment to be effective, it must be in writing,

signed by the judge, and filed with the clerk. Ga. L. 1966, pp. 609, 662 (*Code Ann.* § 81A-158) ; *Boynton v. Reeves,* 226 Ga. 202 (173 SE2d 702). There is no merit in the contention that the order denying the motion for new trial, and the order denying the motion to set that order aside, are illegal because the judge orally announced (if he did) that he would grant the motion for new trial.

4. In a divorce action, "the party not in default" is entitled to the custody of the minor children unless the judge in his discretion makes a different disposition of the children. *Code* § 30-127, as amended (Ga. L. 1957, pp. 412, 413; Ga. L. 1962, pp. 713, 714). Since the record contains no transcript of the evidence on the trial, we must assume that the evidence supported the judgment granting the custody of the minor children to the appellee.

5. Remarks made by the judge as to his personal feelings about the relationship of the parties, made at the time of the hearing on the motion to set aside the denial of the motion for new trial, will not invalidate the grant of the divorce, which we must assume was granted upon legal principles and with sufficient evidence.

6. Error is assigned on the final divorce decree on the ground that it is "void, a legal nullity, and unenforceable in terms of law." This assignment is directed at the provision of the judgment and decree requiring that: "The defendant shall pay such repair bills as are necessary to repair said real estate [the property awarded to the wife] as to walls, roof & flooring to make the house livable within 90 days from date and make reasonable repairs to maintain said house so long as the children shall reside there as minors." It is contended that this provision is too vague, uncertain, and indefinite to be enforced. There is no merit in this contention. Compare *Hewlett v. Hewlett,* 220 Ga. 656 (2b) (140 SE2d 898).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 11, 1970—DECIDED APRIL 9, 1970.

*Andrew W. Estes,* for appellant.
*Morris Talley,* for appellee.