### 45595. BAUKNIGHT v. HANOVER INSURANCE COMPANY et al.

PANNELL, Judge. Lena G. Bauknight brought an action against Hanover Insurance Company seeking recovery under an insurance policy because of the theft of a described 1967 Cadillac automobile alleging that the Citizens & Southern National Bank was the mortgagee under the mortgagee loss payable clause. The defendant insurance company answered admitting the policy was in force and alleging as an additional defense that the plaintiff did not have title to the automobile which was stolen on March 12, 1969, for the reason that, in a divorce action between the plaintiff and her former husband, Ray Mincey, a jury verdict rendered on March 11, 1969, awarded title

to the 1967 Cadillac automobile to him and the judgment on the jury verdict was taken on March 19, 1969. A copy of the judgment was attached marked Exhibit A. However, the insurance company also filed an interpleader under Sec. 22 of the Civil Practice Act (*Code Ann.* § 81A-122) alleging the conflicting claims between the plaintiff and her divorced husband as to any proceeds of the policy over and above the amount to be paid to the mortgagee and offered to pay into court the full amount of the coverage provided under the policy, and prayed that the former husband of plaintiff and the mortgagee be made parties, which was done. Mincey filed an answer and cross claim asserting he was entitled to the proceeds as he had title to the automobile under the aforementioned verdict of the jury at the time of the loss. The Citizens & Southern National Bank asserted its claim in a stated sum plus interest attaching thereto a copy of the pertinent provisions of the policy. Both the bank and Mincey made motions for judgment on the pleading, the bank on the amount of its mortgage claim and Mincey for the balance of the proceeds under the insurance policy. This is an appeal by the plaintiff from an order of the trial judge sustaining Mincey's motion for judgment on the pleadings. From the pleadings there appears to be no dispute as to the facts, the sole question being whether the plaintiff or the third-party defendant Mincey had title to the insured automobile at the time of the loss. *Held:*

As between the parties to the divorce case the judgment therein relates back to the verdict, the time when it could have been legally entered and, where there are no intervening equities, the judgment so entered is res judicata between the parties as to the matter involved in this litigation. *Walden v. Walden,* 128 Ga. 126 (10) (57 SE 323); *Swindell v. Swindell,* 208 Ga. 727 (1) (69 SE2d 197). We accordingly hold that as between the plaintiff and the third-party defendant, title was in the third-party defendant Mincey at the time of the loss, and that the trial judge properly held that he was entitled to any proceeds of the policy over and above the amount to be paid to the mortgagee.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

SUBMITTED SEPTEMBER 11, 1970—DECIDED OCTOBER 7, 1970—
REHEARING DENIED OCTOBER 27, 1970.

B. Clarence Mayfield, for appellant.
Joseph B. Bergen, for appellees.