26228.   HISCOCK v. HISCOCK.

330

■■■■■■■■■■■■■■■■■■

ARGUED DECEMBER 15, 1970—DECIDED MARCH 4, 1971.

■■■■■■■■■■■■■■■■■■

*Elsie H. Griner, Edward Parrish,* for appellant.

*Bennett & Moon, H. Lamar Cole, Jim T. Bennett, Jr.,* for appellee.

MOBLEY, Presiding Justice. Dora Belle Dailey Hiscock appealed from a decree entered on the verdict of a jury in a divorce action brought against her by John Fritz Hiscock.

The error enumerated is the entry of the final decree. Two contentions are made as to why this entry was erroneous. The first is that the judgment was not timely; and the second, that the judgment contained material provisions not authorized by the verdict.

■ Appellee (the husband) contends that this court should not consider the appeal because the judgment has not been attacked by one of the methods provided in *Code Ann.* § 81A-160 (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240). This section deals with methods of attacks on judgments other than by direct appeal. Our appellate statute authorizes a timely appeal from any final judgment. *Code Ann.* §§ 6-701, 6-803 (Ga. L. 1965, pp. 18, 21; Ga. L. 1966, pp. 493, 496; Ga. L. 1968, pp. 1072, 1073, 1077). The appeal in the present case is from a final judgment, within the time provided by statute, and the appeal will be considered.

(a) It is further contended by the husband that the appeal should not be considered because no transcript of the evidence has been filed. The issues raised on the appeal can be determined without reference to the evidence in the case, and the failure to file a transcript of the evidence will not prevent a consideration of the appeal.

■ The verdict of the jury was entered on June 2, 1970, and the judgment of the court was entered on September 11, 1970. It is contended by appellant (the wife) that the court was without jurisdiction to render a judgment more than ninety days after the verdict of the jury, and at a subsequent term of court.

She relies on *Durham v. Pitts,* 101 Ga. App. 442 (113 SE2d 779). That case was based on facts entirely different from those in

the present case, and on § 110-302 of the Code of 1933, which was repealed by the Civil Practice Act.

In *Swindell v. Swindell,* 208 Ga. 727 (1) (69 SE2d 197), this court held that while *Code* § 110-302 (now repealed) provided that a party in whose favor a verdict was rendered, or his attorney, was allowed to enter and sign up a judgment thereon within four days after the adjournment of the court at which such verdict was rendered, a court may, on its own motion and without notice, enter a judgment and decree nunc pro tunc at a later date.

Under the Civil Practice Act all judgments are signed by the judge, and filed with the clerk. No time limit is given for such signing and filing. *Code Ann.* § 81A-158 (Ga. L. 1966, pp. 609, 662). The present record contains no facts which would prevent the entry of a judgment on the verdict of the jury at a subsequent term.

■ The husband's complaint for divorce alleged that the parties had one minor son, who was in the custody of the wife. He alleged that the only property owned by the parties was a home which the wife purchased with money obtained from the sale of property owned by him, and that she had wrongfully placed title to the property in her name. He asked that title to this property be decreed in him. In her answer the wife denied the allegations of the husband, and also contended that the property should be given to her as support for herself and the minor child.

The jury returned the following verdict: "The jury finds in favor of the plaintiff with the divorce having been granted. Regarding said property, 1510 Vallotton Dr., Valdosta, Lowndes County, Georgia, the jury decrees said property to the minor, John Sumner Hiscock (Sonny), with the co-guardianship granted to Dora Belle Dailey Hiscock and John Fritz Hiscock with the former, Dora Belle Dailey Hiscock given rights and privileges of living in and managing the said property. The jury further grants child support of $80 per month to be paid $40 on the 1st and 15th day of each month."

In the decree entered by the court, a divorce was granted to the husband, custody of the minor child was given to the wife for nine months and to the husband for three months, with visitation rights in both parties, and the husband was required to pay sup-

port for the child while the child was with the wife in the amount provided in the jury verdict.

The grant of the divorce and the amount of child support were in accordance with the verdict of the jury, and the disposition of these matters in the decree is therefore affirmed.

Regarding the property in litigation, the trial judge entered a lengthy judgment, which changed the verdict in matters of substance, and added numerous powers and directives which were not contained in the verdict. This he had no authority to do. *Fried v. Fried,* 208 Ga. 861 (69 SE2d 862).

No error was assigned on the verdict of the jury, and we therefore direct that, on the return of the remittitur from this court, the trial court modify the portion of the decree concerning the real property involved in the litigation to conform to the verdict of the jury. *Code* § 110-311; *Davis v. Wright,* 194 Ga. 1 (4) (21 SE2d 88); *Davis v. Howell,* 220 Ga. 287 (2) (138 SE2d 563); *Johnson v. Johnson,* 223 Ga. 833 (158 SE2d 383).

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*