## 27348. MOORE v. MOORE.

UNDERCOFLER, Justice. Mrs. M. Kathleen Moore filed a complaint for divorce against Walter Thomas Moore in 1965. The defendant filed his answer and cross action. On May 6, 1970, the action was tried before a jury and a verdict was returned that same day granting Mrs. Moore a total divorce and giving her certain property. A judgment was not entered on the verdict. On June 4, 1970, Mrs. Moore filed a motion for new trial and on August 7, 1970, the trial court orally announced that it was granting a new trial to Mrs. Moore on its own motion. No written order was taken on the motion for new trial.

Mr. Moore died on April 28, 1971, before any judgment was entered on the verdict. On March 20, 1972, the attorney for Mr. Moore moved the court to enter a final decree of

divorce, nunc pro tunc, and to dismiss Mrs. Moore's motion for new trial. On April 26, 1972, an order was entered making the verdict of the jury the judgment of the court nunc pro tunc as of May 6, 1970.

The appeal is from the judgment of April 26, 1972. *Held:*

1. Section 16 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 30) provides: "All applications for new trial except in extraordinary cases shall be made within thirty (30) days of the entry of the judgment on the verdict, or entry of the judgment where the case was tried without a jury." *Code Ann.* § 70-301. This provision of the Appellate Practice Act specifically provides that a motion for new trial shall be made after "entry of the judgment." The motion for new trial filed in this case was made before the judgment was entered and therefore was premature and invalid. Compare *Gibson v. Hodges,* 221 Ga. 779 (2) (147 SE2d 329). The fact that the trial judge announced orally that he would grant the motion for new trial is no judgment. See *Waller v. Waller,* 226 Ga. 279 (3) (174 SE2d 433).

2. The trial court had authority to enter a divorce decree nunc pro tunc as of a date prior to the death of a party where the jury had previously returned a verdict and the cause was ripe for judgment.

"[E]very court has the inherent power—and it is the court's duty—to correct its own records to make them speak the truth. *Seay v. Treadwell,* 43 Ga. 564; *Whittle v. Jones,* 198 Ga. 538 (32 SE2d 94). Where based solely on the record, and without the necessity for the introduction of extrinsic evidence, the court may, on its own motion and without notice; enter such judgment and decree nunc pro tunc at a later date; and since such entry simply perfects the record, as between the parties it relates back to the time when it should have been entered, although a different rule would apply to sureties, intervening bona fide purchasers, or innocent third parties. *Code* §§ 24-104 (6), 81-1201 [now repealed]." *Swindell v. Swindell,* 208 Ga. 727 (1) (69 SE2d 197). "Under the Civil Practice Act all

judgments are signed by the judge and filed with the clerk. No time limit is given for such signing and filing. *Code Ann.* § 81A-158 (Ga. L. 1966, pp. 609, 662). The present record contains no facts which would prevent the entry of a judgment on the verdict of the jury at a subsequent term." *Hiscock v. Hiscock,* 227 Ga. 329, 331 (180 SE2d 730).

The fact that the husband died prior to the entry of the judgment nunc pro tunc would not alter the power of the court to complete and amend its records so as to make them speak the truth. *Skidaway Shell Road Co. v. Brooks,* 77 Ga. 136; *Spencer v. Peake,* 73 Ga. 803; 24 AmJur2d 547, § 422; 27A CJS 626, 638, § 163.

The case of *Charles v. Citizens & Southern Nat. Bank,* 225 Ga. 549 (170 SE2d 243) is distinguishable from the instant case. That case involved the right of an executor to modify an alimony award. The case of *Chatsworth Lumber Co. v. White,* 214 Ga. 798 (107 SE2d 827) is also distinguishable from this case since the death of the party in that case occurred before the verdict was rendered.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED SEPTEMBER 13, 1972—DECIDED OCTOBER 6, 1972.

*Harrison, Martin, Childs, Foster & Lipscomb, Mobley F. Childs,* for appellant.

*G. Gibson Dean, II,* for appellee.

GUNTER, Justice, dissenting. The majority has held that a judgment for a divorce can be entered by the trial court after the death of one of the parties to the marriage. I disagree with the majority and respectfully dissent.

The death of one of the parties to a marriage ends the marriage relationship. A court cannot, by entry of a judgment in a divorce case nunc pro tunc, end that which has already been ended by death. The entry of such a judgment is an utter futility and, to my mind, is nothing more than judicial surplusage.

In this case the jury rendered a verdict on May 6, 1970

(filed June 5, 1970), granting appellant a divorce and also awarding her certain property. The verdict also provided that the appellee was to liquidate an indebtedness on the property awarded to the appellant, and it further provided that other property was awarded to the appellee. The court did not enter a judgment on this verdict prior to the death of the appellee. The appellee died April 28, 1971.

The record in this case does not disclose that there is any executor or administrator of the estate of the deceased appellee.

On March 17, 1972, the attorney for the deceased filed a motion for entry of judgment in the case. This motion recited that the appellee was deceased.

Based on the foregoing facts, it is quite apparent to me that a deceased person cannot be a party to an action in a trial court, and a deceased person cannot be a party to an appeal in an appellate court.

I am also of the opinion that after the death of a party to a divorce action a trial court does not have jurisdiction to render a judgment therein. In the case of *Charles v. Citizens & Southern Nat. Bank,* 225 Ga. 549, this court plainly held: "An action for divorce and alimony is personal. The death of one of the parties before the decree abates the action. Thereafter the court no longer has jurisdiction to render a judgment therein." That language is plain, and I believe it means what it says. The attempt of the majority to distinguish that case based on that language from the case at bar is, again to my mind, a distinction without a difference.

In 24 AmJur2d 547, § 422, we find the following: ". . . where the court has not in fact 'rendered' a decree of divorce on a certain date, even by an informal notation of its decision, and it later decides that a divorce should be granted, it cannot order that the decree be effective as of the prior date. The death of a party to a divorce suit before a final decree of divorce has been rendered precludes a nunc pro tunc entry of a decree."

A deceased person cannot be a party in a trial court and cannot be a party to an appeal in an appellate court. The

trial court in this case lacks jurisdiction to enter the judgment nunc pro tunc that it entered. The judgment entered below is, in my opinion, a mere nullity.

I would reverse the judgment.

I respectfully dissent.