## 55801. MAROSKA v. WILLIAMS et al.

DEEN, Presiding Judge.

1. Under the provisions of Code §§ 3-512 and 81A-141 (e) a case is automatically dismissed where no written order has been taken for a five-year period. Thus, the order must be in writing to toll the statute. And no further action need be taken by either party or court, as the dismissal is automatic on the expiration of the five-year period and cannot be waived by a party litigant. *Swint v. Smith,* 219 Ga. 532, 534 (3) (134 SE2d 595) (1964); *Milam v. Mojonnier Bros. Co.,* 135 Ga. App. 208, 210 (217 SE2d 355) (1975).

2. This case was automatically dismissed upon failure to file an order during the requisite five-year period. The trial judge on September 30, 1977, granted nunc pro tunc an order dated back to September 13, 1973 (at which time there had been a hearing on objections to interrogatories) ruling on these interrogatories, but this nunc pro tunc order was held not to revive the action on motion contending that it was null and void. The circumstances regarding its rendition are recited in the 1977 order as follows: "On September 13, 1973 the motion [to strike interrogatories] was heard before the undersigned trial judge. Each interrogatory was examined individually, after which the judge made verbal rulings which were noted by the attorneys. The judge also noted his rulings on a yellow legal pad. These notations made by the judge were later found in the official file. There was no caption to indicate the civil action to which they referred, they were undated, unsigned, and not marked filed by the Clerk. They were in fact the personal notes made by the judge at the hearing that somehow inadvertently were placed in the main file of the case." It accordingly appears that no written order was taken at the time of the hearing or at any time thereafter within the five-year period. An oral announcement by the trial judge that he will grant a motion is no judgment. *Waller v. Waller,* 226 Ga. 279 (3) (174 SE2d 433) (1970). See also *Majors v. Lewis,* 135 Ga. App. 420 (218 SE2d 130) (1975); *Boynton v. Reeves,* 226 Ga. 202 (173 SE2d 702) (1970) and cit.

3. Since this case was filed October 7, 1971, and no written order was taken between that date and October 7, 1976, the case was automatically dismissed on the latter date. It may well be that the trial court should have entered an order following the hearing on the objections and did not, or that the appellee should have prepared and presented him with such an order to sign but did not, or that the appellant should have examined the file to determine what order, if any, had been entered, but did not. There was in fact complete nonaction so far as any ruling on any question was concerned. "[T]he entry of an order nunc pro tunc cannot serve to supply the court's nonaction, or to supply an order which it failed to make." *Adams v. Payne,* 219 Ga. 638, 641 (135 SE2d 423) (1964) and cit. Under present practice in all courts of record, all judgments must be in writing, signed by the judge, and entered by filing with the clerk. Code § 81A-158. Until this is done the judgment is not effective, although orally announced. *Crowell v. State,* 234 Ga. 313 (215 SE2d 685) (1975). *Chandler v. Hammett,* 73 Ga. App. 325 (36 SE2d 184) (1945) is not authority to the contrary, as that case deals with a nunc pro tunc entry on a justice of the peace docket and involves a court which is not a court of record.

There remains the case of *Maloy v. Planters Warehouse &c. Co.,* 142 Ga. App. 69 (234 SE2d 807) (1977). There the jury returned a verdict, and a judgment based thereon was submitted to the trial court on January 20, 1975. Everyone thought the judgment had been signed, and both sides made post-judgment motions based thereon. When the error was discovered on April 3 the court entered up judgment on the verdict, but dated it April 3; then, to protect the motions filed in the interim, by nunc pro tunc entry changed the judgment date back to January 20. As to this we can say only that Code § 81A-141 (e) is jurisdictional and the ensuing dismissal is automatic; entering a judgment on a verdict is not jurisdictional, and may be done, nunc pro tunc, at a later date. *Swindell v. Swindell,* 208 Ga. 727 (69 SE2d 197) (1952).

The trial court did not err in dismissing the case.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED MAY 1, 1978 — DECIDED MAY 17, 1978—
REHEARING DENIED JUNE 6, 1978 —

*Austin & Pahno, Donald E. Austin, William H. Moore, Jr.,* for appellant.

*Corish & Smith, Malberry Smith, Jr., James K. Lange, Oliver, Maner & Gray, William P. Franklin, Jr.,* for appellees.