## 57023. WALKER v. FIRST NATIONAL BANK OF COBB COUNTY.

BIRDSONG, Judge.

Vivian Walker brings this appeal seeking to set aside an ex parte order of the court below granting the appellee, the First National Bank of Cobb County, a fi. fa. to effect a monetary recovery based upon a jury verdict.

The facts show that the appellee bank filed a notice of foreclosure upon two Cadillac automobiles which Ms. Walker had pledged as collateral for a security agreement. After a jury trial, the bank obtained a verdict granting possession and foreclosure in accordance with the provisions of the Personal Property Foreclosure Act (Code Ann. § 67-701 et seq.)

Based upon this verdict, judgment was entered for the bank, ordering that a writ of possession issue to the marshal of the court for the two Cadillacs with levy and sale. The order of the trial court contained an obvious

scrivener's error in that the serial number of one of the Cadillacs was incorrectly set forth. As a result, the court issued a second order correcting the error. The marshal levied upon both vehicles and both vehicles sold at public sale. The sale resulted in a substantial deficiency as to the original indebtedness.

In view of the deficiency resulting from the sale of the two Cadillacs, and upon motion of the bank, the trial court issued ex parte a third order based on the jury verdict granting the bank a fi. fa. for the monetary recovery of the deficiency. The original complaint sought only a writ of possession with foreclosure.

Ms. Walker enumerates as error the ex parte third order of the trial court for a money judgment, the ex parte amendment to the original order correcting the scrivener's error, the deficiency judgment for a specific monetary amount without notice or hearing to Ms. Walker and the entering of judgment in a lump sum for principal and interest. *Held:*

1. The court did not err in correcting the apparent error in its own order even without notice to a party. Every court has the inherent power—and it is the court's duty—to correct its own records to make them speak the truth. *Whittle v. Jones,* 198 Ga. 538 (32 SE2d 94); *Seay v. Treadwell,* 43 Ga. 564. Where based solely on the record, and without necessity for introduction of extrinsic evidence, the court may, on its own motion and without notice, enter such corrective judgment and decree nunc pro tunc at a later date; and because such entry simply perfects the record as between the parties it relates back to the time when it should have been entered. *Swindell v. Swindell,* 208 Ga. 727 (1) (69 SE2d 197); *Maloy v. Planter's Warehouse &c. Co.,* 142 Ga. App. 69, 75 (234 SE2d 807). This enumeration is without merit.

2. As to the two enumerations of error dealing with the trial court's ex parte grant of the monetary deficiency judgment, we reach an opposite conclusion. There is no provision in the Personal Property Foreclosure Act allowing a money judgment to be taken against the debtor except in cases of default, an exception not here in issue. The bank sought to foreclose a security interest in accordance with Code Ann. § 67-701 et seq. Ms. Walker

filed an answer, but was not required by the complaint to defend against an action not brought, i.e., a recovery of the indebtedness.

It is true that the bank could have brought separate actions to foreclose on the security interest and on the indebtedness (*Candler I-20 Properties v. Inn Keepers Supply Co.,* 137 Ga. App. 94 (222 SE2d 881)), and, accordingly, both remedies could be sought in the same action. However, a claim for the indebtedness, whether filed in a separate action or in the same action as a foreclosure proceeding under Code Ann. Ch. 67-7 must stand or fall upon the principles set forth in the Civil Practice Act, and may not be "piggy-backed" into court using the special rules applicable to foreclosure actions under Code Ann. Ch. 67-7. *Porter v. Midland-Guardian Co.,* 242 Ga. 1, 2 (247 SE2d 743). Therefore, the trial court erred in granting a money judgment in an action which was based alone upon Code Ann. § 67-701 et seq.

3. The action taken in Division 2 of this opinion renders the alleged impropriety of lumping interest and principal in a single sum a moot matter. We assume that upon remand, the trial court will not award interest upon interest, if such a judgment comes into being.

4. Insofar as the trial court entered judgment for a monetary recovery of the alleged deficiency, the judgment is reversed.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 15, 1979 — DECIDED FEBRUARY 13, 1979.

*Saul Blau,* for appellant.
*S. M. Landress,* for appellee.