Arthur K. Bolton, Atty. Gen., Robert S. Stubbs, II, Don A. Langham, Asst. Attys. Gen., State of Georgia, Atlanta, Ga., William C. Tinsley, II, Douglasville, Ga., for defendants; Warren C. Fortson, Harvey S. Gray, of counsel.

**Jesse CLEVELAND**

v.

**Robert J. NOLAND, Barbara Williams, and Susan Donehoo.**

**Civ. A. No. 80–1667.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 15, 1981.

ORDER

ORINDA D. EVANS, District Judge.

This action alleging violation of 42 U.S.C. § 1983 is now before the Court on Defendant Williams' Motion for Summary Judgment, Defendant Noland's Motion to Dismiss or in the Alternative for Summary Judgment, Plaintiff's Motion to Vacate Defendant Noland's Motion, and Plaintiff's Motion for Production of Documents.

On July 24, 1978, Plaintiff in this action filed a libel suit in the Superior Court of Douglas County, and represented himself at trial before Judge Robert J. Noland, who is named as a defendant in this case. Plaintiff, who is an attorney, alleges herein that Defendant Noland repeatedly slandered him in his professional capacity in open court, that Judge Noland aided the counsel for the defendant in making objections to

Plaintiff's case in the presence of the jury, and that Judge Noland cross-examined Plaintiff when he testified. On September 26, 1979, at the conclusion of Plaintiff's evidence, Judge Noland directed a verdict for defendant, and he entered judgment in accordance with that order on October 3, 1979. Plaintiff filed a notice of appeal on October 2, 1979. Judge Noland dismissed Plaintiff's appeal on April 30, 1980, stating that the notice, having been filed prior to entry of the judgment on the verdict, was premature and thus invalid and also that Plaintiff's delay in filing the transcript was both unreasonable and inexcusable. Plaintiff alleges that Defendants Williams (the court clerk) and Donehoo (the court reporter), at the direction of Judge Noland, caused the delay in his filing the transcript. He contends that the delay was caused by Williams' refusal to prepare the appellate record and Donehoo's refusal to prepare the trial transcript until Plaintiff paid an "assessment" in advance and then her refusal to send Plaintiff his copy of the transcript.

■ The Court finds that all acts attributed to Defendant Noland were carried out by him in his judicial capacity and therefore he is absolutely immune from liability under 42 U.S.C. § 1983. *See Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Plaintiff has moved to vacate Defendant Noland's motion on the ground that Defendant Noland is improperly represented by the Attorney General of Georgia. The Court finds that Defendant Noland is being sued in his capacity as a state official and that it is clearly proper for the office of the Attorney General of Georgia to act on his behalf. Therefore, Plaintiff's motion is totally without merit.

Defendant Williams' motion is based on her contention that no act or omission by her was the proximate cause or a contributing cause of the dismissal of Plaintiff's notice of appeal. In the dismissal order entered by Judge Noland on April 30, 1980, the two conclusions of law were as follows:

THE COURT CONCLUDES as a matter of law that although the Notice of Appeal was filed one day prior to the Judg-

ment, the same was timely filed under the spirit and intent of the Civil Practice Act.

THE COURT finds that the delay in filing the transcript was both unreasonable and inexcusable. (cites omitted).

On May 2, 1980, Judge Noland amended his dismissal and replaced the first conclusion of law with the following:

The Notice of Appeal filed prior to the entry of the Judgment on the Verdict was premature and thus invalid. See *Moore v. Moore*, 229 Ga. 600, [193 S.E.2d 608]; *Harrison v. Harrison*, 229 Ga. 692, [194 S.E.2d 87].

This Court notes that both Moore and Harrison, relied on by Judge Noland, involved the filing of a motion for new trial prior to the entry of judgment on the verdict rather than the premature filing of a notice of appeal as was done by Plaintiff.

■ It is clear that Judge Noland's original reason for dismissing the Plaintiff's appeal was Plaintiff's delay in filing the transcript. Plaintiff has alleged that Defendant Williams refused to prepare the appellate record but has not alleged that she was involved in the delay of the transcript. Instead, Plaintiff places the responsibility for the delay in filing the transcript on Defendant Donehoo, the court reporter. Although clerks of court generally have qualified immunity only, *see Williams v. Wood*, 612 F.2d 982 (5th Cir. 1980), Plaintiff has failed to identify any action by Defendant Williams which can be said to have contributed to Judge Noland's decision to dismiss Plaintiff's appeal. Therefore, summary judgment for Defendant Williams is appropriate.

Plaintiff has filed a Motion for Production of Document, along with his Complaint, on September 24, 1980, seeking a copy of the court reporter's transcript of his state civil trial, which he says is presently in the possession and/or custody of Defendant Williams. The proper method for obtaining the transcript is for Plaintiff to serve Defendant Williams with a request to produce pursuant to Rule 34, Fed.R.Civ.P. which could be followed by a motion to compel

production if Plaintiff is not satisfied with the response to his request.

In light of the preceding analysis, Defendant Williams' Motion for Summary Judgment is hereby GRANTED, Defendant Noland's Motion to Dismiss is hereby GRANTED, Plaintiff's Motion to Vacate is hereby DENIED, and Plaintiff's Motion for Production of Documents is hereby DENIED.