39606. JEFFERSON et al. v. ROSS.
39607. McCARY et al. v. ROSS.

Hill, Chief Justice.

This land line case was filed in 1974, and, after a two and a half day trial, the jury returned a verdict in favor of the plaintiff in August, 1975. The judgment on that verdict was not entered until November, 1981, more than five years after verdict. Thereafter, a motion for new trial on the general grounds was filed by the defendants and was overruled by the court. The defendants appeal, raising for the first time as their sole enumeration of error that the

entry of judgment was void because the case had been automatically dismissed due to the passage of five years without entry of an order under OCGA §§ 9-2-60 (b) (Code Ann. § 3-512), 9-11-41 (e) (Code Ann. § 81A-141).[1]

It is equally clear, however, that: "Every court has power . . . 6. To . . . control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth. . . ." OCGA § 15-1-3 (6) (Code Ann. §§ 24-104, 81-1202). Accord, OCGA § 9-11-60 (g) (Code Ann. § 81A-160). In *Hiscock v. Hiscock,* 227 Ga. 329, 331 (180 SE2d 730) (1971), we said: "Under the Civil Practice Act all judgments are signed by the judge, and filed with the clerk. No time limit is given for such signing and filing."

The cases uniformly hold that a court may enter judgment at any time after a jury verdict. *Seay v. Treadwell,* 43 Ga. 564, 568 (1871); *Maloy v. Planter's Warehouse & Lumber Co.,* 142 Ga. App. 69, 75 (234 SE2d 807) (1977), and cases cited. This is so even after expiration of the term in which the verdict was returned. *Swindell v. Swindell,* 208 Ga. 727 (1) (69 SE2d 197) (1952). It is so even after expiration of the time limit for entry of judgment fixed by former Code § 110-302 (Code of 1933, now repealed). *Swindell v. Swindell,* supra. It is so even in a divorce case after the death of one of the spouses. *Moore v. Moore,* 229 Ga. 600 (2) (193 SE2d 608) (1972).

The court's authority to enter judgment on a verdict at any time is derived from its inherent power. *Swindell v. Swindell,* supra. The reason for the rule is at least two-fold: (1) Judicial economy and fairness to the prevailing party; there is no reason to retry a case in which a verdict has been returned simply because no judgment has been entered; (2) the belated judgment can be made to conform to the verdict without reference to evidence outside the record. *Swindell v. Swindell,* supra; *Maloy v. Planter's Warehouse & Lumber Co.,* supra. We conclude that a court of record, in the exercise of its inherent power, has continuing jurisdiction to enter judgment on a jury verdict at any time. Anything to the contrary in *Maroska v. Williams,* 146 Ga.

---

[1] "Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." OCGA § 9-2-60 (b) (Code Ann. § 3-512).

"Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order." OCGA § 9-11-41 (e) (Code Ann. § 81A-141). E.g., *Fulton County v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints,* 133 Ga. App. 847, 849 (212 SE2d 451) (1975).

App. 130, 131 (245 SE2d 470) (1978), will not be followed.

No case has been found allowing a court to enter judgment where no order has been entered for five years after verdict. Conversely, no case disallowing entry of such a judgment has been found. In *Swint v. Smith,* 219 Ga. 532 (134 SE2d 595) (1964), the five years elapsed before trial and verdict. *Swint,* however, explains the reason for the five year rule. There the court pointed out that the five year rule has "at least the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel. . . ." (219 Ga. at 534).

The litigation here has been resolved by jury trial and verdict, and all that remains is the entry of judgment reflecting what has already been accomplished. Judicial economy and fairness to the prevailing party dictate that that which should have been done be done. We hold that the inherent power of a court of record to enter a judgment on a verdict is not extinguished by the passage of five years without entry of an order. We do so because the reasons behind the Code sections requiring dismissal for want of prosecution no longer exist once the case has been prosecuted to verdict.

Defendants urge that this case, first filed in 1974, should be refiled and retried because of the lapse of five years following the verdict. The five year rule was intended to prevent long delays before trial, not to facilitate such delays. See *Milam v. Mojonnier Bros. Co.,* 135 Ga. App. 208, 212 (217 SE2d 355) (1975).

The trial court did not err in entering judgment on the verdict. *Judgment affirmed. All the Justices concur.*

DECIDED APRIL 5, 1983.

*C. Gregory Culverhouse,* for appellants (case no. 39606).
*H. Boyd Petit III,* for appellants (case no. 39607).
*Stephen R. Bradley,* for appellee.