### 74716. EARP v. KRANATS.
(361 SE2d 217)

CARLEY, Judge.

In November of 1979, appellee's driver's license was suspended in a final decision rendered by the Department of Public Safety (Department). In December of 1979, appellee filed a timely appeal to the superior court and, on appellee's motion, the superior court ordered a stay of the license suspension pending the appeal. But see OCGA § 40-5-55 (e), which provides that such a stay is not to be issued. On February 21, 1980, the superior court entered an order which remanded the proceedings to the Department solely for the purpose of obtaining a clarification of the method of final agency review that had been employed. It is undisputed that the Department complied with the remand order and that, in March of 1980, the case was returned to the superior court for final resolution. However, no further action was taken in the case until August of 1986, when appellee requested that the superior court hold a hearing and rule on the merits of his appeal because he had received a demand that he surrender his driver's license to appellant Commissioner of the Department. The superior court again ordered a stay of the Department's suspension of appellee's license pending disposition of the appeal. In response to appellee's request for a hearing and a ruling, appellant asserted that appellee's appeal had been automatically dismissed pursuant to OCGA § 9-2-60 (b). On February 9, 1987, the superior court entered an order, concluding that appellee's appeal had not been dismissed pursuant to § 9-2-60 (b) and reversing the suspension of appellee's license on the merits. Appellant's application to this court for a discretionary appeal from the superior court's order of February 9, 1987 was granted.

OCGA § 9-2-60 (b) provides that "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed. . . ." Between February of 1980 and August of 1986, no written order was entered in this case. OCGA § 9-2-60 (b) "is mandatory. It places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five-year

period and to make sure the same is entered in the record. [Cits.]" *Swint v. Smith*, 219 Ga. 532, 534 (1) (134 SE2d 595) (1964). "The question is not waiver but jurisdiction. . . . [An automatic dismissal] results as a matter of law, and the court has no discretion to order it reinstated. [Cit.]" *Salter v. Chatham County*, 136 Ga. App. 914, 915 (2) (222 SE2d 638) (1975). Accordingly, if OCGA § 9-2-60 (b) is applicable, the superior court had no jurisdiction to address the merits of appellee's appeal.

Appellee relies upon *Jefferson v. Ross*, 250 Ga. 817 (301 SE2d 268) (1983) as authority for the proposition that OCGA § 9-2-60 (b) is not a bar to the superior court's entry of a final order addressing the merits of his appeal. In *Jefferson*, a jury verdict had been returned and all that remained for the trial court to do was to enter its judgment thereon, reflecting what had already been accomplished. It was held that the inherent power of the trial court to enter judgment on a jury verdict was not extinguished by the passage of five years. See also *Faircloth v. Cox Broadcasting Corp.*, 169 Ga. App. 914 (315 SE2d 434) (1984), wherein the belated entry of a default judgment was allowed under the same reasoning. Here unlike *Jefferson*, however, no jury verdict is or could be involved and the final order of February 9, 1987 does not purport merely to memorialize the previously accomplished disposition of appellee's appeal. The superior court's original remand of the proceedings to the Department was not itself a final order as to the merits of appellee's appeal and is in no way analogous to a verdict in a jury trial. The remand was merely an interlocutory order to facilitate the superior court's ultimate resolution of the case. See generally *Howell v. Harden*, 231 Ga. 594 (2) (203 SE2d 206) (1974). Notwithstanding the Department's compliance with the remand order and the completion of the record for final judicial review by March of 1980, the superior court never addressed the merits of appellee's appeal during the statutorily mandated five-year period. After February 21, 1980, the record shows that " '(t)here was in fact complete nonaction so far as any ruling on any question was concerned.' [Cit.]" *Beck v. Dean*, 177 Ga. App. 144, 146 (1) (338 SE2d 693) (1985).

Every court has the power "[t]o amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth. . . ." OCGA § 15-1-3 (6). See also *Savannah Iron &c. Corp. v. Mitchell*, 168 Ga. App. 252 (308 SE2d 569) (1983). A trial court does not, however, have the power to reinstate a proceeding that, pursuant to OCGA § 9-2-60 (b), has been automatically dismissed by operation of law. *Salter v. Chatham County*, supra. It follows that the superior court in this case lacked jurisdiction to address the merits of appellee's appeal and that the judgment of February of 1987 is a mere nul-

lity and must be reversed. See generally *International Longshoremen's &c. Trust v. Saunders,* 182 Ga. App. 301 (355 SE2d 461) (1987).

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1987 —
REHEARING DENIED SEPTEMBER 28, 1987.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Assistant Attorney General,* for appellant.

*Robert F. Oliver, John O. Bouwsma,* for appellee.